Relf v. Eberly.

## RELF v. EBERLY.

1. **Limitation, statute of:** SAME IN EQUITY AS AT LAW: FRAUD. Under the Revision, the rule that the statute of limitations is applied only by analogy to suits in equity, no longer prevails, and our statute operates in cases at law and in chancery alike, except where relief is sought on the ground of fraud in cases that were, prior to the Revision, solely cognizable in equity. In these cases the action is not barred until after the lapse of five years from the *discovery* of the fraud.

2. —— WHERE JURISDICTION IS CONCURRENT. This exception does not apply to cases where the jurisdiction is concurrent and the relief sought might be granted either at law or in equity; and where such concurrence exists, the action must be commenced within five years after the *perpetration* of the fraud.

3. —— CANCELLATION OF CONTRACT. An action in equity to have canceled and set aside a contract and deed made thereunder, on the ground of fraud, is one solely cognizable in a court of equity within the meaning of the statute, notwithstanding an action for damages on account of the fraud might have been maintained at law.

*Appeal from Winneshiek District Court.*

THURSDAY, DECEMBER 19.

IN EQUITY. — The petition filed February 13, 1867, alleges that in March, 1860, defendant being indebted to

plaintiff in the sum of $700, represented that he had a tract of land in Jasper county, in this State; that *it was* of a certain quality, etc.; that plaintiff was ignorant of the quality and location of the land, relied upon defendant's representations, was *induced thereby to* take the same in payment of said indebtedness, and that defendant made him a deed, etc. It is further averred that all these representations were false and fraudulent, particularly specifying wherein; all of which was known to defendant, etc.; that in May, 1866, he discovered that defendant had practiced a fraud upon him in the sale of said land; that he then made out and tendered him a deed for said premises, and demanded a rescission of the contract, as also the $700, with interest, with the taxes paid; that defendant refused to accept said deed or to pay said money, etc. The prayer is to set aside said contract for fraud; that defendant be decreed to pay the original debt, with interest, and the taxes, and for other and further relief, etc.

Defendant interposed a demurrer, upon the ground that more than five years had elapsed, before bringing this action after the cause thereof accrued. The demurrer was sustained and plaintiff appeals.

*L. Bullis* and *Reuben Noble* for the appellant.

*G. W. Willett* (with whom is *H. O'Connor*) for the appellee.

WRIGHT, J. — The statute provides that actions brought for relief on the ground of fraud *in cases heretofore solely cognizable in a court of chancery* must be brought within five years after their causes accrue and not afterward, except when otherwise specially declared. Rev. § 2740, clause 3. And then by the next section it is declared that: "In actions for

1. LIMITATION, STATUTE OF: same in equity as at law: fraud.

relief on the ground of fraud as above contemplated, the cause of action will not be deemed to have accrued until the discovery of the fraud by the party aggrieved."

And now the very question to be determined, as the parties substantially agree, is, whether plaintiff's case, as made by his petition, was, prior to this statute and within its meaning, "solely cognizable in a court of chancery." For it is not insisted that the petition does not sufficiently aver a want of knowledge on the part of the aggrieved, of the fraud until within five years before the commencement of this suit.

No statute has been brought to our attention containing provisions similar to ours. And while the general rule is that the statute of limitations does not apply *eo nomine* to suits in equity, but that nevertheless a court of chancery acts in analogy, if not in obedience to their provisions, deeming it right, in cases of concurrent jurisdiction at least, that a party should not evade their effect by resorting to another forum; we say while this is the general rule, in this State our statute, *ex vigore suo*, operates in both courts alike, and not in equity by the mere discretion or courtesy of the chancellor. This we think is clear enough from the language of the act itself as well as from the whole tenor and spirit of our code, which is for "civil practice in law and in equity."

Our opinion therefore is, that in cases of fraud when the plaintiff's remedy is concurrent, that is when he 2. —— where jurisdiction is concurrent. could have the same relief either at law or in equity, the action must be commenced within five years after the perpetration of such fraud, and that he could not sue within that time · after the discovery thereof. *Phares* v. *Walters*, 6 Iowa, 107; *Wright* v. *Le Claire*, 3 Id. 221, and cases there cited.

Starting with these premises, it seems to us that the real question is, whether in this case plaintiff's equitable

3. —— cancel-  is concurrent with his legal remedy, or whether,
lation of con-
tract.        in the language of the statute, he asks relief
on the ground of fraud in a case, before the statute,
*solely cognizable in a court of chancery.*

Now it is frequently said that fraud, accident and trust
are the peculiar objects of a court of equity. And it is
just as true that every kind of fraud is equally cogniz-
able in a court of law. And this is no less true of many
accidents and trusts, as mistakes in receipts, wrong pay-
ments, bailments and the like. 3 Black. 431; Story's
Eq. Jur. 60. And from this it would seem to follow,
that if we stand upon the thought, that for every fraud a
party may have some remedy in a court of law, there
would be nothing to which this statute would apply. In
other words, if the proposition is, that the statute only
refers to cases of fraud, where there was *no remedy* in any
other than an equitable forum, then there would be none
to which it would apply, for all fraud may be redressed
at law. Not, it is true, as effectually and completely as
in equity. The one may give damages, the other afford
relief by restoring to the party injured, the property of
which he was deprived by such fraud. And this reason-
ing, strikes us, as in conflict with the view of the statute
urged by counsel for appellee.

But let us look a little more narrowly at the language
of these sections. Actions brought for *relief*, on the
ground of fraud, *in cases* heretofore solely cognizable,
etc., must be brought within five years, etc., but the cause
is not treated as having accrued, until the fraud is dis-
covered. Now, it seems to us, that the words "*relief*"
and "*in cases*," are important and cardinal in arriving at
the meaning of the legislature. Thus, in this case, plaint-
iff seeks to rescind the contract to set aside the deed, and
that the parties be restored to all their rights as they
stood before the perpetration of the fraud. This *relief*

he never could have had at law, it could only be granted in a court of chancery. True, he could at law, have recovered his damages, but this was not the relief peculiarly within the province of equity to grant.

So again, take the case of a bill in equity to account — if no more was sought — no other relief claimed than at law — the statute would equally apply in both cases. But apply the same rule to *Ferris* v. *Henderson* (12 Penn. 49), where a claim for services was sustained against a master after forty years, who had obtained them by falsely representing to the party rendering them that he was a slave, and we will see that while he might have sued at law, and should have done so within the time fixed by statute, yet in equity he was not thus limited, though the relief was the same.

Then again, we are not mistaken in assuming that courts of equity have always inclined to grant relief and avoid the bar of the statute, in cases of fraud, when the plaintiff has been in ignorance of his rights. And indeed in this country and in England, there has been no little struggle over the question whether, in a court of law, the statute will run until the party affected is conscious of the fraud. Angell on Lim. ch. 18, and particularly §§ 184–186. Those courts recognizing the bar, as in *Troup* v. *Smith* (20 Johns. 33), adopt the rule that it will not do to go beyond the precise terms of the statute. On the other hand the argument is, that every statute is to be expounded reasonably, so as to suppress and not to extend the mischiefs which it was designed to cure. *Sherwood* v. *Sutton*, 5 Mason, 143. In equity, however, the settled doctrine is, that if the fraud was not known, the statute should not operate as a bar, or begin to run until it has been discovered — the reason being, that it ought not *in conscience* to run, for the conscience of the party being so affected, he ought not to be allowed to avail himself of

the length of time. *Hoverden* v. *Lord Annesly*, 2 Sch. & Lef. 634. This being true, we have a key to the object and purpose of the statute before us. It intended, by the use of guarded and concise language, to protect the rights of parties and to recognize their right to relief, not in every case allowed by the prior rule, but in those cases where the relief asked was alone grantable in a court of equity.

Once more we remark, that the argument that a different rule should not apply, because a party seeks relief in an equitable instead of a legal forum, is the one that strikes us as of most force in favor of appellee's construction of the statute. But its error consists in the assumption, that the relief here asked could have been granted at law. The case is alone cognizable in equity, for there alone can this contract be rescinded. True, as already stated, plaintiff might have proceeded at law to recover damages for the fraud. So in the case of a contract to convey, the vendee might sue for a breach of the bond. If he asks a specific performance however, his only remedy is in equity. So too where a party goes into equity to obtain a discovery and thus gives the court jurisdiction, which it would not otherwise have. There, the jurisdictions are regarded as concurrent, and by thus giving the jurisdiction, the statute cannot be avoided if it would apply at law. And so we might illustrate the thought with other cases, but these will suffice. The distinction is, that here plaintiff is in the only proper forum; and as different rules of evidence and for the trial of the cause apply — so they do, when we inquire whether plaintiff brings himself within the saving clause of the statute. See the cases before cited, as also *McLenan* v. *Sullivan*, 13 Iowa, 526.

The question is not free from difficulty. After giving to it our best thought however, keeping in view the

. equity of the statute, as well as its letter and meaning, we feel constrained to hold that this demurrer should have been overruled.

Reversed.