| 44 | 349 |
|----|-----|
| 79 | 86 |
| 44 | 349 |
| 116 | 248 |

## BROWN v. BROWN ET AL.

1. **Statute of Limitations**: DISCOVERY OF THE FRAUD.   Section 2530 of the Code, providing that the cause of action shall not be deemed to have accrued until the discovery of the fraud, applies only to cases where relief is asked in controversies heretofore solely cognizable in courts of chancery.

2. ———: ———: ILLEGITIMATE SON.  B conveyed to his son who died shortly afterwards, leaving an illegitimate son whom he had recognized.  After the death of his son B again conveyed the property to another, in fraud of the rights of the illegitimate son, who had no knowledge of the existence of the estate of his father until twenty years afterward, whereupon he immediately commenced his action:  *Held*, that it was barred by the statute.

*Appeal from Van Buren District Court.*

WEDNESDAY, OCTOBER 18.

THE petition states that William E. Brown being the owner of the real estate in controversy, he and his wife on

the 27th day of December, 1850, conveyed the same to their son, William Brown, who entered into possession and departed this life in the year 1854, leaving the "petitioner as his son and sole heir and the owner of said land in fee."

"And petitioner further shows at the time of the death of his said father, he was about six years of age; that he was born in the county of Athens, and State of Ohio, and that he is the illegitimate son of Elizabeth Sea and the said William Brown, grantee in said deed, who *generally and notoriously recognized your petitioner as his son and child* from the time he was born up to the time of his death, and that the said William E. Brown, deceased, and the defendants, Lloyd Brown, George Brown, John C. Brown, all well knowing of the facts above stated, and with the full knowledge of your petitioner's rights, made and obtained among themselves the following pretended titles to said land, to-wit: On the 17th day of October, 1862, the said William E. Brown and wife deeded said land to the defendant, Lloyd Brown, and the said Lloyd believing and becoming satisfied that he had no title to said land by said conveyance, on the 10th day of February, 1863, conveyed the same back to said William E. Brown, and on the same day the said William E. and wife conveyed the same to George Brown, one of the defendants, and that the defendant, John C. Brown, claims to hold title to said land through said George Brown, all of which said pretended titles to said land were made and taken by the said parties with the actual knowledge of the rights of your petitioner and in fraud of his rights.    *    *    *    *    *    *    *    *    *

And your petitioner further shows that he is now about the age of twenty-seven years, and that he has never resided in the State of Iowa, but has for many years resided in the State of Indiana; that until the 8th day of January, 1875, he had no knowledge whatever of the estate of inheritance belonging to him as above stated, nor any knowledge whatever of the frauds that had been perpetrated in the deeding and conveying of his said land; that upon the receipt of the intelligence, he made a personal investigation of the premises in the month of March, 1875, which was the first time he was

informed fully of his rights and of the frauds perpetrated as aforesaid, but he avers and charges that the Brown defendants well knew of the facts and knew the whereabouts of your petitioner, and purposely concealed from your petitioner such facts in order to entirely defraud and take from your petitioner his said estate.

Wherefore your petitioner asks that each of said parties may be made defendants hereto, that they may fully answer the allegations of this petition, and that upon the final hearing of the cause, that all and singular the deeds of the said defendants be held fraudulent and void as to your petitioner, and that they be canceled and set aside as clouds upon your petitioner's title, and that your petitioner's title be quieted and confirmed and that he have judgment for costs and such other and further relief as equity may demand and justice may require."

To this petition defendants demurred, and the record shows on the hearing it was conceded and agreed in open court that the deeds alleged to have been made in fraud of the plaintiff's rights were duly recorded on or about the date of their execution. The District Court sustained the demurrer, and plaintiff appeals.

*Stubbs & Leggett*, for appellant.

*Lea & Beaman* and *H. B. Hendershott*, for appellee.

SEEVERS, CH. J.—The ground of demurrer is, that the petition shows on its face the cause of action to be barred by the statute of limitations.

The Code provides that actions brought for relief on the ground of fraud in cases heretofore solely cognizable in courts of chancery, shall be brought within five years after the cause of action accrued, § 2529, and in actions for relief on the ground of fraud, the cause of action shall not be deemed to have accrued until the fraud complained of shall have been discovered by the party aggrieved. § 2530. It was expressly held in *Gebhard v. Sattler*, 40 Iowa, 152, that § 2530 contemplated only the causes

1. STATUTE of limitations: discovery of fraud.

of action mentioned in § 2529, and that it was alone applicable to cases where relief was asked on the ground of fraud, which was heretofore solely cognizable in courts of chancery.

The petition is based on fraud, and it consists in conveying the plaintiff's real estate with full knowledge of his rights. 2. ——: ——; Does this amount to fraud as to the plaintiff? The illegitimate son. conveyance did not convey the land, nor did the grantees acquire any rights thereunder. There may have been a fraud perpetrated on the grantee, but of this the plaintiff cannot complain. His rights were just as perfect after the conveyance as before. The fact that he did not know of his rights or did not discover the conveyances for several years, neither adds to nor takes anything from the plaintiff's rights. Suppose the plaintiff had known of his rights as heir, but did not know of the conveyance until the time alleged in the petition, would the alleged fraud in conveying land have saved his cause of action? Knowing his rights as heir at law, he was bound to bring his action within the time prescribed by the statute to recover or vindicate his right to the premises. The fact that he did not know his rights in this respect, does not prevent the running of the statute. The fact that he did not discover the conveyance or that there was a conveyance, is wholly immaterial. The case of the stolen horse supposed by counsel for appellant, is materially different. A horse may be stolen but real estate cannot.

Believing there is no sufficient allegation in the petition of fraud, and as the cause of action is based thereon, and saved if at all by reason of such fraud, the judgment of the District Court is

AFFIRMED.