THE PHŒNIX INSURANCE CO. v. DANKWARDT ET AL.

1. **Pleading:** AMENDMENT: STATUTE OF LIMITATIONS. Where leave was granted to file an amended answer setting up the statute of limitations, to which the plaintiff filed a replication, it was *held* that unless an abuse of discretion were shown the action of the court would not be reviewed, and that the filing of the replication constituted a waiver of any objection thereto.

2. **Statute of Limitations:** DISCOVERY OF FRAUD. Section 2530 of the Code is identical with section 2741 of the Revision, and applies only to cases where relief is asked in controversies heretofore solely cognizable in courts of chancery.

*Appeal from Des Moines Circuit Court.*

THURSDAY, DECEMBER, 13.

ACTION in equity. One Charles O. Dankwardt had a policy of insurance issued by the plaintiffs on property which was destroyed by fire.

In November, 1867, the plaintiffs paid said Dankwardt the amount due on the policy, being induced to do so through the fraudulent conduct of the said Dankwardt. This action was

commenced against him to recover the amount so paid, and he having died pending the action the present defendants were substituted in his stead. Judgment having been rendered in their favor, the plaintiff appeals.

*Blake & Hammack*, for appellant.

*J. & S. K. Tracy* and *T. J. Trulock*, for appellees.

SEEVERS, J. "After the case had been partly tried by the introduction of evidence," the defendants asked leave to file an "amended and further answer" setting up the statute of limitations of five years, which had not been pleaded. The plaintiff objected to the filing of such defense, but the objection was overruled and the answer permitted to be filed, to which the plaintiff excepted, and thereupon filed a replication setting up that the fraud alleged in the petition was not discovered until March, 1873, and the action was commenced in the month of May following. To such replication the defendants demurred, which being sustained the plaintiff excepted. The errors assigned challenge the correctness of the foregoing action of the court.

I. Ordinarily it is a matter of discretion with the trial court to grant or refuse amendments to the pleadings. Before

1. PLEADING: amendment: statute of limitations. such discretion can be reviewed and held erroneous satisfactory evidence must be furnished of abuse by the complaining party. If it be conceded the weight of authority is against the right of a party by an amended pleading to set up the statute of limitations, yet we think it must be true that there may be cases and peculiar circumstances where it would be proper and within the sound discretion of the court to permit such a defense to be pleaded, even after the trial had commenced. There is no showing, other than above stated, as to the facts and circumstances before the court when the amended answer was permitted to be filed. If there was nothing else moving the court to exercise its discretion, that fact should have been stated in the abstract. For aught that appears, a showing may have been made which rendered it right and proper to permit the

pleading to be filed. We, therefore, cannot disturb the ruling below in this respect. Besides this, there was a waiver of the objection by filing a replication. If the trial had proceeded on the issues thus formed, and the plaintiff had been beaten on the issue tendered in the replication, undoubtedly this would be a waiver of the objection to the filing of the answer. The fact that a demurrer was filed and the plaintiff was beaten on an issue of law instead of fact cannot change this result.

II. This action was commenced before the Code took effect, but the amended answer was filed afterward. There is, however, no substantial difference between the statutes on this subject in force previous to the taking effect of the Code, and as therein contained. The Revision, Sec. 2740, provided that "actions brought * * * for relief on the ground of fraud, in cases heretofore solely cognizable in a court of chancery, * * * " must be commenced within five years. Section 2741 of the Revision provided that the action should not be deemed to have accrued until the discovery of the fraud by the aggrieved party. These two sections were construed in *Relf v. Eberly*, 23 Iowa, 467. By chapter 167, section 9, of the laws of 1870, a substitute for Revision, Sec. 2741, was enacted, and this statute is now substantially incorporated in the Code. These statutes were construed in *Gebhard v. Sattler*, 40 Iowa, 153, and this case has been followed in *Brown v. Brown*, 44 Iowa, 349. It is held in those cases that the law of 1870 and Sec. 2530 of the Code apply only to cases of "fraud heretofore solely cognizable in courts of chancery," and are identical with Revision, Sec. 2741, construed in *Relf v. Eberly*, before cited.

*2 STATUTE of limitations: discovery of fraud.*

We are relieved from the discussion of the question whether the fraud set forth in the pleadings is such as was heretofore solely cognizable in a court of chancery, because counsel concede it was not, and we are asked to hold that the law of 1870 included " all frauds, whether the action was one brought in law or equity." This we cannot, in view of the prior decisions of this court, do.

AFFIRMED.