## McGINNIS v. HUNT.

1. **Statute of Limitations:** RELIEF ON THE GROUND OF FRAUD. Actions for relief on the ground of fraud, which might be pursued either at law or in equity, must be commenced within five years after the perpetration of the fraud.

*Appeal from Des Moines District Court.*

THURSDAY, MARCH 21.

IT is averred in the petition that the plaintiff was the owner of certain real estate in the city of Burlington, Iowa, and that in the month of Nov., 1867, the defendant, Hunt, by certain false and fraudulent representations concerning said property, persuaded and induced plaintiff to make and execute to him a deed therefor, for a very small and inadequate consideration; that plaintiff

never learned nor was informed of the frauds so practiced upon her, and the wrongs done to her, until the month of October, 1875; that plaintiff has been damaged by said fraudulent representations in the sum of $750; that said Hunt afterwards conveyed said premises to one Snowden. The prayer of the original petition was that said deed be set aside, and for judgment against said Hunt.

There were other parties defendant, and after the commencement of the action plaintiff dismissed the suit as to all the defendants excepting Hunt. The petition was afterwards amended by asking a judgment against said Hunt for damages for the alleged fraud. The original petition was filed on the 11th day of May, 1876.

To the petition as amended the defendant, Hunt, demurred upon the ground that the action was barred by the statute of limitations. The demurrer was sustained. Judgment was rendered against plaintiff for costs, and she appeals.

*P. Henry Smyth* and *D. Y. Overton*, for appellant.

*J. & S. K. Tracy*, for appellee.

ROTHROCK, CH. J.—I. Sub. 3 of Sec. 2740, of the Revision of 1860, provided that actions "founded on unwritten con-

1. STATUTE of limitations: relief on the ground of fraud.

tracts, those brought for injuries to property or for relief on the ground of fraud, in cases heretofore solely cognizable in a court of chancery," must be brought within five years after the cause of action accrued.

Sec. 2741 provided that "in actions for relief on the ground of fraud, as above contemplated, the cause of action will not be deemed to have accrued until the discovery of the fraud by the party aggrieved."

It was held in *Relf v. Eberly*, 23 Iowa, 467, that, "in cases of fraud when the plaintiff's remedy is concurrent, that is when he could have the same relief either at law or in equity, the action must be commenced within five years after the perpetration of such fraud, and that he could not sue within that time after the discovery thereof."

The reason of the rule was that the case was not one "here-

tofore solely cognizable in a court of chancery," and, therefore, did not come within the exception of the statute.

The same may be said of the case at bar. Although it was commenced as an equitable action, by dismissing as to the subsequent grantee it was in substance an action at law, against the defendant Hunt alone, for damages for fraudulent representations.

Although the language of Sub. 4, of Sec. 2529 and Sec. 2530 of the Code is not precisely the same as the sections upon the same subject in the Revision of 1860, which are above quoted, yet it was held in *Gebhard v. Sattler*, 40 Iowa, 152, that under the Code a party must bring his action for relief upon the ground of fraud within five years after the cause of action accrued, excepting in cases heretofore solely cognizable in courts of chancery. This has been followed in *Brown v. Brown*, 44 Iowa, 349, and in *Phœnix Ins. Co. v. Dankwardt*, p. 432, *ante*.

The case of *Higgins v. Mendenhall*, 42 Iowa, 675, is not inconsistent with the cases last above cited. That was an action at law to recover for money paid by *mistake*, and Sec. 9 of the act of 1870, being now substantially Sec. 2530 of the Code, expressly provides that in actions for relief on the ground of mistake the cause of action shall not be deemed to have accrued until the mistake shall have been discovered by the party aggrieved.

There is no other provision as to the limitation of actions founded on mistake, as there is in case of actions founded on fraud, and construing Sec. 9 of 1870 alone we held that an action founded on mistake was not barred until five years after the discovery of the mistake. It is true the petition in that case alleged a fraudulent concealment, but this was an immaterial allegation. The action was grounded upon the alleged mistake.

AFFIRMED.