## HIGGINS v. MENDENHALL.

1. **Statute of Limitations:** CHANGE OF STATUTE: FRAUD. The case of *Higgins v. Mendenhall,* 42 Iowa, 675, is overruled in so far as it held that the action for relief, based on the ground of mistake occurring prior to the act of the Thirteenth General Assembly, was not barred in five years after the cause of action accrued.

2. **Practice in the Supreme Court:** ABSTRACT. An abstract reciting that "all the evidence given to the jury by either party will be found set out in bill of exceptions hereinafter given," contains a sufficiently specific statement that all the evidence is contained in the abstract.

3. **Statute of Limitations:** PAYMENT BY MISTAKE. An action at law would lie for the recovery of money paid by mutual mistake, or by the mistake of the one party and fraudulently received by the other, and such an action would be barred in five years after the payment.

*Appeal from Jefferson Circuit Court.*

SATURDAY, APRIL 26.

THIS cause was before this court, June Term, 1876, and the judgment was reversed. Upon being remanded the plaintiff filed in the Circuit Court an amended and substituted petition, which is as follows:

"1. Your petitioner represents that heretofore, to-wit: in the year 1865, the firm of Higgins, Kelley & Co. was engaged in the commission and grain business in the city of Chicago, State of Illinois, and that one Daniel Mendenhall transacted a like business in the town of Fairfield, Iowa, and forwarded grain to and transacted business with the said firm

in Chicago; that large accounts accrued between said parties, so that in the month of May, of the year 1865, it became necessary to make settlement with the said D. Mendenhall, so that the said firm of Higgins, Kelley & Co. made a statement of account, as they believed, showing a true account of the affairs and dealings between them and the said Mendenhall to date, and forwarded the same to Fairfield by one of their agents and employes, C. W. Dean, to make settlement with said Mendenhall, and, as your petitioner is now informed and believes, said account stated showed a balance due to and in favor of the said Mendenhall in the sum of about eight hundred and fifty dollars, and that when said account so stated was presented to the said Mendenhall he claimed that he did not know just how the account between said parties and himself did stand; that his book-keeper was unable to then attend to the inspection of his (Mendenhall's) books, but that they would settle by the statement rendered by the said H., K. & Co., and that when any mistake or error was discovered, if any should be found upon inspection and adjustment by his book-keeper, it should be adjusted, and that he received from and accepted the said sum of about eight hundred and fifty dollars and retained the same, and through his legal representatives still retains the same, though in truth and in fact there was not eight hundred and fifty dollars, nor but a small amount, if anything, due from said firm to the said Mendenhall at the time of settlement.

"2.    And your petitioner further shows that the said Mendenhall, soon after the payment of said sum to him, did cause his books of account against the said Higgins, Kelley & Co. to be footed up and examined, and was informed and well knew that a mistake had been made in the account rendered, and notwithstanding his full knowledge of the fact he still kept said sum, and fraudulently concealed the fact from the said H., K. & Co., in fraud of their rights, that he had received more than eight hundred dollars above his dues.

"3.    And still further your petitioner shows that the said C.

W. Dean, agent of said firm of H., K. & Co., left with the said Mendenhall the said statement of account rendered as aforesaid, and that in the great fire of 1871 in Chicago all of the books, papers and accounts of every description belonging to the said firm were destroyed, so that they have not, nor has your petitioner, who was a member of said firm, any books, papers or statement of account, in any form, to show how the matter actually stood between the said firm and Mendenhall, so that he cannot attach any statement of account hereto.

"4. That the firm of Higgins, Kelley & Co. was dissolved in the year 1865, after the settlement of account above referred to was made, and that upon said dissolution all the rights, claims and assets of said firm were assigned to him by written statement, which assignment was also destroyed by said fire, with the other papers as aforesaid, and that he is now the owner of the claim herein set out and stated, and which has been presented to the defendant for allowance.

"5. And further shows that the said Daniel Mendenhall has departed this life, and that the defendant, Susannah Mendenhall, is the qualified and acting executrix of his last will and testament, and as such has charge and control of the books containing the accounts between the deceased and the firm of Higgins, Kelley & Co., and also has the account stated and rendered by them to him, the deceased, and upon which said settlement was made, which together will show the mistake complained of, and the fraudulent act of the deceased in withholding the knowledge of the mistake and overpayment of the said eight hundred and fifty dollars, or thereabouts, to him, and that the evidence to show these facts is in the possession and under the control of the defendant, and not within the reach of your petitioner.

"6. And further petitioner shows that neither he nor any member of said firm of H., K. & Co. knew of the mistake made in the account rendered prior to October 1, 1874, and that the same came to the knowledge of your petitioner in the month of November, 1874, but that the said Mendenhall

fraudulently and purposely concealed the facts, and kept and fraudulently retained the said money of your petitioner, as aforesaid, in betrayal of the trust that resulted to your petitioner by and through said transaction.

"7.　And further your petitioner shows that before the filing of the claim herein your petitioner made due demand upon the said defendant, as the executor aforesaid, for said money, and terminated the said trust.

"Wherefore your petitioner shows that he is without remedy at law, that he has no *data* whatever whereby he can ascertain and state the exact amount of the overpayment, mistake and accident made in the settlement of account between the said firm and Mendenhall; that the same is in the hands of the defendant and under her control as the executrix of the said Mendenhall, and that she conceals the same, wherefore. your petitioner prays that the said account stated and the settlement thereof be opened; that the defendant be required to discover and produce the said account and the statement as aforesaid, and attach to her answer to this bill of discovery copies of the book account existing between the said firm and the deceased, and that she may answer on her oath or affirmation whether she has not the same under her charge and control, and whether they do not show an equitable indebtedness of the estate of deceased to the plaintiff, and that on the final hearing of this cause that a full settlement and restatement of said account be had and taken, and that your petitioner have a judgment proving and establishing said claim as against the said estate, with interest and costs of this suit, and for such other and further relief as equity can give and justice may demand."

To this petition the defendant answered as follows:

"1.　This defendant denies that plaintiff is entitled to the relief asked or any part thereof; denies that plaintiff is entitled to judgment for eight hundred and fifty dollars, with in erest, as claimed, or any less sum; denies that in the year 1865 the firm of Higgins, Kelley & Co. were engaged in the

commission and grain business as alleged; denies the alleged settlement between said firm and deceased in May, 1865, as alleged, and the payment at that time as alleged; denies all allegations of fraud against her deceased husband, D. Mendenhall; denies that the firm of Higgins, Kelley & Co. was dissolved in the year 1865, after said alleged settlement, as alleged; denies that all the rights and claims of said firm were assigned to plaintiff by written statement, as alleged, and that plaintiff is owner of said claim, as alleged, and denies each and every other allegation of petition.

" 2. And for further answer defendant says that plaintiff's alleged claim is barred by the statute of limitations.

"3. And for further answer defendant says that any claim of plaintiff based on alleged mistake in settlement is barred by the statute of limitations."

Afterward the plaintiff amended the prayer of the petition so as to ask that his cause of action be established as a claim against the estate of D. Mendenhall, deceased.

Upon these issues the cause was tried to a jury. There was a verdict and judgment for the plaintiff. Defendant appeals.

*Slagle, Acheson & McCrackin,* for appellant.

*Stubbs & Leggett,* for appellee.

ROTHROCK, J.—I. In *Higgins v. Mendenhall,* 42 Iowa, 675, an error occurred in the opinion in quoting section 9, chapter 167, Laws of the Thirteenth General Assembly. 1. STATUTE of limitations: change of statute: fraud. The quotation is made in these words : "In actions for relief on the ground of fraud or mistake * * * the cause of action shall not be deemed to have accrued until the fraud or mistake * * * shall have been discovered by the party aggrieved." The word *mistake* does not occur in the statute, although it is contained in section 2530 of the Code. The same error occurs in the case of *McGinnis v.*

*Hunt*, 47 Iowa, 668. In the latter case, however, the error is not material to the question involved.

The cause of action, as it was presented to us upon the former appeal, accrued in May, 1865. It being for a mistake, the act of the Thirteenth General Assembly did not affect the action, and it was fully barred by the statute of limitations, more than five years having elapsed after the action accrued, and before the suit was commenced. The opinion heretofore filed must, therefore, be considered as overruled.

II. Counsel for appellee makes the question that there can be no review of this cause upon the errors assigned, because 2. PRACTICE in the appellant's abstract does not purport to consupreme court: abstract. tain a full abstract of all the evidence introduced upon the trial. This, we think, is incorrect. It is recited that "all the evidence given to the jury by either party will be found set out in bill of exceptions hereinafter given." On the next page is commenced what purports to be a bill of exceptions. It contains some fifteen pages of an abstract of evidence. This, we think, is a sufficiently specific statement that all the evidence is contained in the abstract.

III. The court instructed the jury in substance that if the money was paid to Mendenhall in May, 1865, by mutual 3. STATUTE of mistake of both parties, and Mendenhall retained limitations: the money under an honest belief that it belonged payment by mistake. to him, the plaintiff's cause of action is barred by the statute of limitations. But if Mendenhall received the money knowing that it did not belong to him, and retained it without informing plaintiff's firm of the mistake, this would be a fraud, and the action would not be barred until five years after the discovery of the fraud. Another instruction was given to the effect that if the money was paid by mistake, and afterward Mendenhall, knowing of the mistake, retained the money and failed to notify the plaintiff's assignor of the mistake, this would constitute a fraud, and an action therefor would not be barred until five years after the discovery of the fraud, or

until five years after it should have been discovered by the use of diligence.

The instructions, so far as they referred to the questions of fraud, were excepted to because they were not justified by the pleadings. Counsel for appellee insist that appellant cannot be allowed to object to these instructions because no objection was made to the evidence tending to show the fraud.

However this may be, we think the position of counsel for appellant, that these instructions are erroneous, is well taken, because this action is not for relief on the ground of fraud, "in a case heretofore solely cognizable in a court of chancery."

The true test as to what is a case solely cognizable in a court of chancery is this: Did chancery, before the enactment of the statute, have exclusive jurisdiction to grant the relief prayed for in the action?

That an action at law for the recovery of this money, whether paid in mutual mistake or by the mistake of one party alone, and fraudulently received and retained by the other, was always maintainable, can admit of no question. Kerr on Fraud and Mistake, 415; 1 Story's Equity, § 60.

The relief asked by plaintiff is just what he could have obtained at common law in an action of *assumpsit,* under the count for money had and received. 2 Greenleaf on Evidence, § 123.

The relief asked, therefore, not being such as was, before the statute, exclusively cognizable in a court of chancery, the action was barred by the statute of limitations, conceding that Mendenhall received the money in bad faith or fraudulently concealed the alleged mistake.

REVERSED.