LEMUEL DAUGHERTY, Appellant, v. JAMES F. DAUGHERTY, Appellee.

SAME: *Statutes.* Revision 1860, section 2741, provided that actions for relief on the ground of fraud "as above contemplated," should not accrue till the fraud was discovered, followed by a section limiting actions on the ground of fraud, solely cognizable in equity, to five years. The former section was construed to apply only to actions for fraud solely cognizable in equity. *Held,* that Acts Thirteenth General Assembly, chapter 167, section 9, amending section 2741 by striking out the words "as above contemplated," did not make a statute applicable to causes other than those solely cognizable in equity.

Trusts: STATUTE OF LIMITATIONS: *Fraud.* Where a trustee of a trust resulting from a voluntary conveyance, fraudulently procured, sells trust property for a certain sum, an action by the beneficiary to recover the sum so received is in the nature of an action of assumpsit for money had and received, and not an accounting solely cognizable in equity; and therefore the running of limitations is not suspended till the discovery of the fraud, under Acts Thirteenth General Assembly, chapter 167, section 9, applicable only to suits solely cognizable in equity, which provides that a cause of action for fraud shall not accrue till the fraud is discovered.

SAME. The fact that defendant procures a conveyance of land, with knowledge that his grantor fraudulently procured a voluntary conveyance of the land from plaintiff, though it imposes a trust on the land, or the proceeds of a sale thereof, does not render an action to recover such sum solely cognizable in equity, as an attempt to follow trust funds, but assumpsit for money had and received may be maintained.

LAW AND EQUITY: *Pleading.* A petition in an action by the beneficiary alleging that the trustee received such money, and asking judgment therefor, is merely a declaration in assumpsit, and not in the nature of a bill in equity, though it also contains allegations of fraud in procuring the property from plaintiff, creating a trust in his favor, the fraud in such a case being provable at law.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, APRIL 10, 1902.

ON May 28, 1900, the plaintiff filed his petition, entitled in equity, alleging that in 1869, while he was a minor, his mother, Sarah Daugherty, who was his guardian, purchased certain land with funds belonging to him, and caused the same to be conveyed to him; that thereafter, on the 27th day of May, 1872, he married, and on the day following his marriage, upon the representations of his mother and brothers that the land so conveyed to him in fact belonged to his mother, but was placed in his name to avoid her creditors, he conveyed the land to David C. Daugherty without any consideration; that thereafter David C. Daugherty conveyed to this defendant, who at the time knew that the land rightfully belonged to the plaintiff, and was bought with his money; that the defendant afterwards sold a part of said realty for the sum of $275, and has appropriated the money to his own use. The plaintiff further avers that the defendant held said property as trustee for him, and is, in equity, bound to pay him the money so received, and that he did not discover the true facts in the matter until within the past year; and he asks judgment for the same. The defendant demurred to the petition on the ground that the cause of action therein set out was barred by the statute of limitations, and that the relief demanded may be obtained at law. The demurrer was sustained, and the plaintiff appeals.—*Affirmed.*

*A. L. Wilson* for appellant.

*W. J. Roberts* for appellee.

SHERWIN, J.—It is necessary to determine the character of this action, for, if it is one which was solely cognizable in a court of chancery before the adoption of the Code, then the statute of limitations would not begin to run until the fraud was discovered, while, if it is outside of this class of actions, the demurrer was rightly sustained. The appellant contends that it is an action for an accounting, and therefore exclusively cognizable by a court of equity; but we do not think this position is well taken, for it seems to us clear that assumpsit will lie for money had and received for plaintiff's use. The action of assumpsit lies for money in the hands of another, which in equity and good conscience he is bound to pay over. *Mason v. Waite,* 17 Mass. 560. Where the relation of debtor and creditor exists, and the amount of the debt is ascertainable, accounting is not the proper remedy. 1 Cyclopedia Law & Procedure, 407. Nor will the action lie upon mere equitable title to recover for the avails of land sold. 1 Cyclopedia Law & Pocedure, 407; *Cearnes v. Irving,* 31 Vt. 604. The petition alleges, in substance, that the defendant has received a sum of money certain, which, in equity and good conscience, belongs to the plaintiff, and which he asks that he recover. This certainly does not require an accounting, in the legal sense of the term. It is purely and simply a declaration in assumpsit. And while the additional averments of the petition as to fraud and trusteeship bring it within the class of actions which have sometimes been taken cognizance of by courts of chancery, it does not belong to the class exclusively or solely so cognizable. The fraud in the alleged transaction could be as well proved in law as in equity, and, in cases where the same relief can be had in law that

a court of equity could grant, the action is not confined to chancery. *McGinnis v. Hunt,* 47 Iowa, 668. This being true, this case is within the rule of *Relf v. Eberly,* 23 Iowa, 467, and *McGinnis v. Hunt, supra,* unless it is affected by the change in section 2741 of the Revision of 1860, or unless the petition brings it within the rule of *District Tp. v. French,* 40 Iowa, 601, and *Carrier v. Railway Co.,* 79 Iowa, 80.

Section 9, chapter 167, Acts Thirteenth General Assembly changed section 2741 of the Revision by eliminating therefrom the words "As above contemplated," and it is contended that an action may now be maintained at law after the discovery of the fraud; but we have held that the statute, as amended, still applies to fraud in cases which are only solely cognizable in equity. *Gebhard v. Sattler,* 40 Iowa, 152; *Brown v. Brown,* 44 Iowa, 349; *McGinnis v. Hunt, supra.* In *District Tp. v. French* and *Carrier v. Railway Co., supra,* and *Blakeney v. Wyland,* 115 Iowa, 607, there were affirmative acts of concealment, and they were all cases involving transactions with persons in positions of trust and confidence. Such is not the case here, except in so far as it is created by relationship.

In his reply brief, the appellant contends that the fact that the defendant bought the land with knowledge of the fraud of the plaintiff's mother in procuring a conveyance thereof from him to David C. Daugherty created the relation of trustee and *cestui que* trust, and that this action is to impress the trust upon the money in the hands of the defendant, and is therefore solely cognizable in equity. But if his premise is good the result claimed does not necessarily follow; for a well recognized exception to the general rule as to such relation is to be found in just such cases as the one before us. Judge Story, in his work on Equity Jurisprudence (volume 1 [13th Ed.] p. 58), says, in speaking of this subject: "And even trusts, though in general of a peculiar and exclusive jurisdiction in equity,

are sometimes cognizable at law; as, for instance,   \*   \*   \* that larger class of cases where the action for money had and received for another's use is maintained *ex aequo et bono.*"

We think the demurrer was properly sustained, and the judgment is AFFIRMED.