C. E. MATHEWS, Appellee, v. IRA W. COLLINS, Appellant.

PAYMENT: Recovery—Fraud and Mistake. When, in the execution of a note under an executory contract, the note was mistakenly made to draw interest from date, instead of from the time when the contract was to be executed, and the payee sold the note to a good-faith holder, the maker may recover from the original payee the amount of excess interest paid. Especially is this true when the original payee knew of the mistake in the drawing of the note, and concealed his knowledge.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

NOVEMBER 11, 1924.

ACTION at law, to recover money paid through mutual mis-

take. The defense was, in substance, a general denial and a plea of settlement. There was a trial to the court without a jury, and judgment for plaintiff as prayed.—*Affirmed.*

*E. L. Blake,* for appellant.

*Jensen & Connolly,* for appellee.

EVANS, J.—I. The facts, briefly stated, are: On July 21, 1919, defendant, Collins, sold to plaintiff, Mathews, a farm for an agreed price of $20,000, and an executory contract was entered into to that effect. Pursuant to its terms, settlement was to be had and possession taken on March 1, 1920. The contract provided for a down payment of $1,000 and a note for $4,000 to be executed by Mathews, payable March 1, 1920, without interest until after maturity. The plaintiff, Mathews, then and there paid the sum of $1,000, and executed a note for $4,000. This note was prepared on an ordinary blank form by a banker, and by its provisions bore *interest at 8 per cent from date.* This provision in the note was not observed by the plaintiff, nor does it appear that the provision of the contract was known to the banker who prepared the note. The note was immediately thereafter negotiated by Collins to such banker, and he received therefor the sum of $4,000. The actual performance of the executory contract was not had on March 1st, but was had on August 17, 1920. At the time of the settlement between Mathews and Collins, under the contract, the note for $4,000 was not before them, but was still held by its purchaser, unpaid. In the computation made at the time of such settlement, the plaintiff received credit on account thereof for the sum of $4,000, as of March 1, 1920, and for no more. He was charged with interest on the balance of the purchase price from March 1st up to the date of settlement. Sometime thereafter, he paid the $4,000 note to its holder, and then, for the first time, discovered that it called for the payment of interest from date. As between plaintiff and the holder of the note, it was obligatory to pay such interest, and this he did. The amount of interest having accrued thereon from July 21, 1919, to March 1, 1920,

was found to be $195.56. If this fact had been known at the time of the settlement between plaintiff and defendant for the purchase money of the land, the plaintiff would have received, pursuant to his contract, credit on the purchase money by reason of this note to the amount of $4,195.56; whereas, in fact, he received credit for only $4,000. There is no substantial dispute in the evidence, and if there were, the finding of the trial court would be quite conclusive of the disputed points. The defendant's contention in general is that the mistake was not mutual, in that he himself knew that the note called for 8 per cent, and that, if any mistake was made, it was the mistake of plaintiff and the banker who drew the note. Defendant also testified that he talked with the plaintiff at the time, about the interest provision in the note. On the latter contention, the finding of the trial court was against him, and, in our judgment, very properly so. As to his own alleged knowledge, he only puts himself in an unfavorable light. If he knew that the note did not conform to the contract, he knew also that the fact had not been observed by the plaintiff. To receive the note under such circumstances amounted to a fraud on his part, and the same is true of his subsequent receipt of the money in excess of what was due. *Higgins v. Mendenhall,* 51 Iowa 135; *Bellevue Bank v. Security Nat. Bank,* 168 Iowa 707. The finding of the court upon this record was clearly correct.

The plea of settlement is not available to the defendant. The very settlement which he pleads is that wherein the final mistake of payment was made.

II. Appellant complains also that the allowance by the court was excessive. The court allowed the sum of $195.56, with interest at 6 per cent from March 1, 1920. The plaintiff, appellee, did not pay the $4,000 note until August, 1921. The contention of the appellant is that he was entitled to interest on the principal sum found due, only from the date that he paid the same, and not from March 1, 1920. The point has no merit. The plaintiff, appellee, paid interest on the note from its date to the date of payment. He paid interest to the defendant, at the time of settlement, for the supposed balance of purchase money due on March 1, 1920, and such supposed balance in-

cluded $195.56 of interest accrued on the $4,000 note from its date to March 1st. In other words, the appellant got the full benefit of such excess of interest as of March 1, 1920, and received the interest thereon from March 1, 1920. The trial court, therefore, properly allowed interest from such March 1, 1920, to the date of the judgment, the rate thereof being fixed at 6 per cent.

The judgment is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.