## LIND v. ADAMS.

1. JUDGMENT ENTRY. Where the District Court ordered a judgment·on a promissory note, the amount of which the clerk was directed to assess, and the clerk made a judgment entry, leaving a blank for the amount, which blank remained for fourteen months and was then filled by the clerk, in vacation, it was *Held:*

    1. That the filling of the blank in vacation could only be considered an irregularity which could not be inquired into in a collateral proceeding.

    2. That it could be properly filled in compliance with an order of the court made in term time.

    3. That as the judgment for costs was clearly valid, a purchaser of property upon which the judgment was a lien took the same with constructive notice of the plaintiff's equity.

*Appeal from Lucas District Court.*

WEDNESDAY, APRIL 18.

[The Reporter has not been able to find in the record of this case any memoranda of the names or arguments of counsel.]

LOWE, C. J.—The history of this case is a brief one. At the November Term, 1857, of the District Court of Lucas county, R. S. Adams recovered a judgment by default, (after due service, as the record shows,) against one William R. Blue. The suit was upon a note of hand, and the proper amount being a mere matter of computation, the clerk,

Lind v. Adams.

under section 1828 of the Code, was authorized to assess the same. This he did not do until the 16th day of March, 1859, although at the time, he entered the form of the judgment, leaving a blank for the sum recovered and the costs. On the 13th day of December, 1858, Wm. R. Blue conveyed a certain tract of land to the plaintiff. Two days thereafter Adams sued out his execution for $116.80, and $6.90 costs, upon the judgment aforesaid, and levied upon and sold the tract of land conveyed as aforesaid to the plaintiff; who claimed that such execution and sale created a cloud upon his title, and filed his bill in this case to set aside such sale and thus remove the cloud complained of. To this bill the defendant demurred. The demurrer was sustained and the cause dismissed. The plaintiff claims that the court erred in this decision, which is the only point raised for our consideration.

A judgment is always open to receive the costs when they may be taxed up in vacation by the clerk, and so far as the costs are concerned the judgment alluded to was a valid one, and operated as a lien upon the land in question, from the time of its rendition in November, 1857; so that the plaintiff, Lind, being affected with constructive notice of this lien was not in legal contemplation an innocent purchaser. It is hardly necessary for us to determine the question of the power of the clerk to fill up the blank in a judgment in vacation, some fifteen months after its rendition, by assessing the amount of the note sued upon. It is very clear that so palpable an omission could be supplied by the court at a subsequent term, and if the clerk should exercise this power in vacation it could only be irregularity of which the plaintiff has no right, in this collateral way, to complain, but which perhaps might be reached by a writ of error, in a direct proceeding between the parties. The cause being properly dismissed under the demurrer, the judgment is affirmed.