## GIDDINGS v. GIDDINGS.

1. **Judgment:** BLANK AS TO AMOUNT: AMENDMENT BY JUDGE'S SUCCESSOR: EVIDENCE. Where a judgment was entered for plaintiff in due form, except that the amount was left blank, *held* that the successor of the judge who made the record could not look beyond the record to ascertain for what amount, if any, the judge intended to render judgment, and that the affidavit of plaintiff's attorney could not be received for that purpose.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 21.

THIS action was brought upon a promissory note, and upon an acceptance. What the defense was, if any, does not appear. In April, 1881, the case came on for trial before Judge SHANE, the judge of the eighth judicial district. He made a finding in these words: " I find as a fact that defendant executed the note and acceptance sued on, and in the petition described." In addition, an entry appears to have been made in the judgment record in these words: " And now, to-wit, April 29, 1881, this cause coming on for judgment of the court, the same having been heretofore taken under advisement, and, the court being fully advised and satisfied

in the premises, it is therefore considered and adjudged that the plaintiff have and recover of and from the defendant judgment for the sum of $————, together with interest thereon from date at the rate — per cent per annum, and the further sum of thirty-three and 65-100 dollars, taxed as the cost of this proceeding." The record having been left in this condition until after the term of office of Judge SHANE had expired, and his successor had been qualified, to-wit, at the March term, 1882, · the plaintiff filed a motion in which the history of the case was recited as the plaintiff claimed it to be, and in which the amount of the note was set out as computed by the plaintiff, and also the amount of the acceptance; and in the motion he asked the court " to incorporate the said amount into judgment, and fully render said judgment against the defendant for the full amount of note and interest, as provided in the note, and on said order for its full amount, with interest, and asks that the court render said judgment and fill said blank, as the said court had intended, with the sum of $191.58." In support of the motion the plaintiff filed an affidavit of his attorney, in which it is stated that "judgment was to be rendered on the note and bill of exchange or order as is shown in the plaintiff's motion, and that the court, by mistake or oversight, failed to incorporate the amount in the judgment, but that the judgment of the court was that the judgment was to be for the amount of said note and bill of exchange or order, with interest thereon in favor of the plaintiff, and against the defendant." The court overruled the motion, and the plaintiff excepted, and now appeals to this court.

*H. G. Bowman* and *B. F. Heins*, for appellant.

*C. W. Kepler* and *J. C. Leonard*, for appellee.

ADAMS, CH. J.—It may be conceded that the entry shows an intention on the part of Judge SHANE to enter a judgment for some amount in favor of the plaintiff, but the

amount does not appear, so far as the record shows, to have been determined, nor does it appear from the record that there was such determination that the amount could be ascertained by computation. It is possible, as the plaintiff claims, that Judge Shane did in fact determine to enter judgment for the full amount of the note and acceptance, but the difficulty is that the court below was not justified in finding such to have been his determination. We do not think that the court could properly look beyond the record to find it. The appellant cites and relies upon *Lind v. Adams*, 10 Iowa, 398; *Stockdale v. Johnson*, 14 Id., 178; *Shelley v. Smith*, 50 Id., 543; *Fuller v. Stebbins*,.49 Id., 376; but the cases fall short of supporting the rule contended for, and we have not seen any cases which do support it.

Besides, if we could hold that the court below might have considered the affidavit of Hiens, the plaintiff's attorney, as to what Judge Shane's intention was, we could not say that it erred in overruling the motion. If the court could have considered Heins' affidavit to the effect that Judge Shane intended to enter a judgment for the full amount of the note and acceptance, it would have been equally proper to receive and consider other affidavits to the effect that such was not his intention, and it may be that the court did so. The abstract does not purport to contain all the evidence introduced before the court below.·

We think that the motion was properly overruled.

AFFIRMED.