JOHN ROANE, Appellant, v. J. A. HAMILTON, *et al.*

**Fraudulent Conveyance:** ABANDONMENT OF CLAIM BY AMENDMENT OF PLEADING. Where plaintiff sues to set aside a conveyance as fraudulent, and in an amendment to his reply, filed to the answer, which alleges that the conveyance was a mortgage, he avers such fact, and alleges a willingness to pay the amount thereof, it constitutes an abandonment of the claim that the transaction was fraudulent.

OSTENSIBLE OWNERSHIP: *Rights of creditors.* Where a husband purchases land with his wife's money, and takes title with her knowledge, and she testifies that she always regarded him as the owner, and there was no agreement for the return of the money, nor transfer of the property to the wife, it constitutes the property that of the husband, as regards creditors.

DEED AS MORTGAGE. A warranty deed to a homestead executed by a husband and wife will be treated as a mortgage where the grantee gives to the husband an obligation to re-convey, on condition that he is paid a specified amount within a year, although the wife supposed the conveyance absolute.

HOMESTEAD RIGHT: *Waiver.* The owners of a homestead may convey the same free from liability for debts against them, though in a suit subsequently brought to set the conveyance aside for fraud, they disclaim all interest in the property and though they may have waived their homestead rights in favor of some creditor other than plaintiff.

**Costs:** REVIEW ON APPEAL. Error in assessing costs will not be reviewed when no motion to re-tax was made below.

**Judgment in Blank:** LIEN. An entry that plaintiff have judgment "for the sum of $——," is insufficient to create a lien.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, FEBRUARY 9, 1897.

ACTION in equity to recover judgment against the defendant J. A. Hamilton, for an amount of money alleged to be due, and to establish a lien therefor against certain real estate. There was a hearing on

the merits, and a decree from which the plaintiff and the defendant H. Mendel appeal; the appeal of the former having been first taken. *Affirmed* on plaintiff's appeal. *Reversed* on appeal of Mendel.

*H. L. Robertson* for appellant.

*Killpack & Bardsley* for appellee H. Mendel.

ROBINSON, J.—In the year 1884, the plaintiff and William Phillips became sureties on the bond given by the defendant, J. A. Hamilton, as administrator of the estate of John O'Brien, deceased. It appears that after a time he ceased to be administrator, and that he was succeeded by Tim Foley. On the sixth day of June, 1894, Foley, as administrator, recovered against Hamilton, as principal, and Roane and Phillips, as sureties on his bond, judgment for the sum of two thousand, four hundred and seventy dollars and six cents. The judgment was paid by the sureties, and they then commenced this action to recover the amount so paid, and for other relief. A settlement between Phillips and Hamilton has been effected, and the action is now prosecuted by Roane alone. Judgment has been rendered in his favor against Hamilton, for one thousand two hundred and twenty-three dollars and costs. The controversy between the parties to this appeal, relates to the right of the plaintiff to subject certain real estate to the payment of his judgment. The real estate consists of lots in the town of Neola, which were conveyed by Hamilton and his wife to H. Mendel. In his petition the plaintiff states that the conveyance was fraudulent, because made to hinder, delay, and defraud Hamilton's creditors; but in an amendment to his reply filed to the answers of Hamilton and his wife, the plaintiff avers that the conveyance was, in fact,

a mortgage, executed to secure a loan of money, and states that he is willing to pay to Mendel the amount of his claim against the premises. The district court found that the plaintiff was entitled to be subrogated to all the rights of Foley as administrator under his judgment against Hamilton and the sureties; that Hamilton was the real owner of the property in question; that the conveyance thereof by Hamilton and his wife to Mendel was simply a mortgage given to secure advances made by Mendel to Hamilton; that the premises include the homestead of the Hamiltons, and that the Foley judgment was a lien upon the premises, subject to the mortgage, and to the homestead right to one-half acre thereof. Provision was made in the decree for platting the homestead, and selling the remainder of the property, or so much thereof as should be required to pay the judgment, with interest and costs.

I. The plaintiff claims some benefit from a judgment rendered in favor of Foley as administrator against Hamilton in the year 1889. The judgment thus rendered was that "plaintiff have judgment against defendant J. A. Hamilton for the sum of —— dollars, and that execution issue therefor." As no amount of recovery was stated in the judgment entry, it was not effectual to create a lien; and, since the defect does not appear to have been cured, Foley, as administrator, did not acquire a lien under it, and the plaintiff is not entitled to any right by virtue of it. *Case v. Plato*, 54 Iowa, 64 (6 N. W. Rep. 128); *Miller v. Wolf*, 63 Iowa, 233 (18 N. W. Rep. 889). See, also, *Giddings v. Giddings*, 70 Iowa, 486 (30 N. W. Rep. 869). The case of *Lind v. Adams*, 10 Iowa, 398, upon which the plaintiff relies, did not present the precise question now before us.

II. In April, 1892, Hamilton and his wife executed to H. Mendel a warranty deed for lots numbered

1, 2, 3, and 4, of block numbered 8, in Judson's First Addition to the town of Neola. At that time the legal title thereto was vested in Hamilton. As a part of the transaction, Mendel gave to him an obligation to re-convey the property to him, on condition that he should pay to Mendel, within one year, the sum of six hundred dollars, with interest thereon at eight per cent. per annum. The wife did not know of that obligation, but supposed that the conveyance was absolute. The plaintiff insists in argument that the transaction was fraudulent, but that claim was abandoned by the filing of the amendment to the reply, which we have referred to. If it were not so, however, the claim would not avail the plaintiff anything, for the reason that the evidence wholly fails to support it. We are satisfied that the transaction was in good faith, and intended to secure Mendel for the sum of six hundred dollars he had loaned to Hamilton, with interest. Some attempt was made to show that all interest of the Hamiltons in the property was extinguished by a subsequent arrangement, but the evidence fails to show that such was the case. We reach the conclusion, without doubt as to its being correct, that the conveyance to Mendel was intended to be, and should be, treated as a mortgage.

III. It is contended by Mendel that the premises in controversy were in fact owned by Mrs. Hamilton when the conveyance to him was made, notwithstanding the fact that the legal title thereto was vested in Hamilton, therefore that the plaintiff is not entitled to have his claim enforced against the premises. Both Hamilton and his wife testify that they were purchased with money which belonged exclusively to her, and that she was regarded by both of them as the owner, although her testimony on that point is somewhat contradictory. She states that the reason she permitted him to take the title in his own name was

because they "had always had explicit confidence in each other," that no direction was given as to the name in which the title should be taken, that she was indifferent at the time about the matter, and that she had "always regarded him (Hamilton) as the owner of the property." There does not appear to have been any agreement between Hamilton and his wife for a return of the money she furnished him to invest in the property, nor for a transfer of the property to her. The course of dealings pursued by them in regard to it, both before and at the time of the conveyance to Mendel, shows that the property was treated uniformly as belonging to the husband; and under all the circumstances of the case we are of the opinion that, so far as the plaintiff is concerned, the property should be treated as having belonged to the husband at the time of the conveyance to Mendel.

IV. The evidence shows that the premises in question include the homestead of the Hamiltons, but the plaintiff contends that it should be subjected to the payment of his judgment, for the reason that, in their answers, the Hamiltons disclaim any interest in the premises, and aver that Mendel is the absolute owner of them. The only relief which the Hamiltons ask is that Mendel be adjudged to be the owner of the premises, and that all liens prayed for by the plaintiff be denied. There is some ground for claiming under these pleadings that the Hamiltons have waived their homestead right in the premises, but, if that be so, it was only in favor of Mendel, and the plaintiff is not entitled to profit by the waiver. The Hamiltons had the right to convey their homestead free from liability for payment of the plaintiffs' claim, and they set out the fact in their answers that the premises in question were occupied by them as a homestead at the time the conveyance was made, and ask that the plaintiff be denied all right thereto. We

conclude that, notwithstanding the denials of interest in their answers, their homestead should not be subjected to the payment of the judgment of the plaintiff, whether the ownership thereof be vested in Mendel, or in the Hamiltons. If Mendel elects to retain the homestead as his own, as the answers and the testimony of the Hamiltons authorize him to do, he must allow the fair value thereof at the time the conveyance to him was made as a credit on his claims against Hamilton, but if he elects to treat the homestead as security only, his claim may be made from the premises in question, which are not included in the homestead.

V. The evidence sustains the decree of the district court excepting as to the right of Mendel to elect as against the plaintiff to retain the homestead on crediting on his claim its value at the time of the conveyance. Some question is made in regard to costs, but, as no motion was made in the district court to have them retaxed, they need not be further considered. What we have said disposes of the material questions presented to us. The decree of the district court did not provide a method for ascertaining the amount of the claim for which Mendel is entitled to a lien, and the cause will be remanded for further proceedings in harmony with this opinion, including the election by Mendel of the interest he will take, as against the plaintiff, in the homestead, without prejudice to the rights of the parties to ascertain, in any proper method, the amount due to Mendel. The decree of the district court, so far as it is involved in the appeal of the plaintiff, is AFFIRMED, and so far as it is involved in the appeal of Mendel it is REVERSED.