IN RE ESTATE OF JOHANNA BRANDES, Deceased, MINA HOYER and CONRAD HOYER, Applicants, and WILLIAM SCHNEIDER, Executor of the Estate of JOHANNA BRANDES, Deceased, Appellees, v. LOUISE BUCHHOLZ and WILLIAM BRANDES, Contestants, and HERMINGHAUSEN & HERMINGHAUSEN, Interveners, Appellants.

Contracts for support: LIABILITY FOR FUNERAL EXPENSES. A contract
i   to support one for life does not contemplate in addition to such support the payment of funeral expenses; such expenses are chargeable to the estate of the deceased person.

**Judgment lien for costs.** Where one secures title to property through a decree in probate, which also adjudges payment of the costs of an appeal, the judgment for costs of the appeal becomes a lien on the property thus acquired; and ordinary creditors of such party who have notice of the judgment have no greater rights therein than the party acquiring the property, and the judgment for costs is a lien thereon superior to their claim.

**Judgment for costs:** DESIGNATION OF AMOUNT. A judgment for costs although leaving the amount blank is valid; as the amount may be inserted at any time.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, OCTOBER 28, 1909.

REHEARING DENIED TUESDAY, FEBRUARY 15, 1910.

IN an action in probate by the executor of the estate of Johanna Brandes, deceased, to sell the real estate of which she died seised for the payment of debts, Mina Hoyer and Conrad Hoyer, by way of answer to the application, sought to have costs recovered against the deceased in another proceeding, declared to be a lien upon the real property of the deceased or the proceeds thereof. The executor resisted this relief, and, among other things, pleaded that whatever claim the Hoyers may have for costs is more than offset by obligations they owed the deceased, chief among which was their duty to pay the last sickness and funeral expenses which had been filed against the estate. The trial court found that the Hoyers should be charged with a certain doctor's bill, but with no other item; that they had a prior lien upon the proceeds of the sale of the real estate to the amount of the costs incurred upon the appeal of the case of *Brandes v. Brandes,* 129 Iowa, 351. The defendants and interveners appeal.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellants.

*J. L. Benbow* and *H. Schlemer,* for appellees.

DEEMER, J.—Defendants, Brandes and Buchholz, are devisees under the last will and testament of Johanna Brandes, deceased, and defendants Herminghausen & Herminghausen are creditors of the deceased. After the death of William Brandes, the husband of Johanna Brandes, now deceased, the widow brought action to have her distributive share of her husband's estate set aside to her. Mina and Conrad Hoyer and William and Edward Vogel defended. The Hoyers alleged that three of the lots which appeared to have been owned by deceased really belonged to them under a contract with the deceased and his wife, whereby the Hoyers agreed to care for the Brandes during their old age. They claimed to have fulfilled part of their contract and were ready and willing to carry it out *in toto,* but that the widow refused to accept the care which they offered to give. The trial court ordered distribution as prayed by the widow, and the Hoyers appealed. This court reversed the lower court and found that the Hoyers were entitled to the lots they claimed, and the case was reversed on the appeal of the Hoyers. The costs of this court, amounting to $136.50, were taxed against the widow, Johanna Brandes. *Procedendo* issued to the district court, and, as we understood it, judgment was entered there for the costs in this court, and also for costs in the lower court, amounting to $50.65. This judgment, as appears in the record, was entered in the probate docket of the district court. Claims for funeral expenses, doctors' bills, etc., were filed in the estate of Johanna Brandes, who died after the termination of the suit for distribution, and it is contended that under their contract with the Brandes these claims should be paid by the Hoyers, and that in any event these should be offset against their claim for costs.

Herminghausen & Herminghausen are creditors of Johanna Brandes, and they allege that the proceeds from the sale of her property will not amount to more than the amount of their claim. They object to any allowance to the Hoyers on account of the judgment for costs, and further say that in no event should they have more than a *pro rata* share of their claim for costs. Upon these issues the case was tried to the court, resulting in the following order and decree:

The court, upon full consideration, after hearing the evidence and arguments of counsel, finds, and so orders, that the costs taxed in this court in the case of Johanna Brandes v. William C. Brandes et al., No. 5,603 Probate, shall be retaxed and apportioned. Witness fees in favor of parties to said suit shall be stricken from the record, and all taxable costs shall be apportioned, the one-half thereof taxed to Johanna Brandes and the other half thereof to Edward Vogel and Wm. Vogel. The court further finds, and so orders, that Mina Hoyer and Conrad Hoyer are chargeable with the claim of Dr. M. Wahrer, filed against decedent's estate. The court further finds, and so orders, that the claim of F. E. Sternberg is not chargeable against Mina Hoyer and Conrad Hoyer. The court further finds, and so orders, that Mina Hoyer and Conrad have a prior lien against the proceeds of sale of realty belonging to decedent's estate for all costs taxed in their favor in the Supreme Court in Johanna Brandes v. William C. Brandes et al., No. 5,603 Probate, less, however, the claim of Dr. M. Wahrer. The executor is ordered and directed to pay over according to the order.

The trial court was evidently of opinion that the Hoyers should pay the doctor bill for services rendered Mrs. Brandes, but not the bill for funeral expenses; and the final order indicates that the court found that the judgment for costs in this court was a lien upon the property of Johanna Brandes prior and superior to any other claims against the estate which were not made liens before her death. From this order it would appear that the costs in

the probate court were not made liens. The appeal challenges these rulings.

We are quite content with the finding that the Hoyers were not bound under their contract to pay the funeral

1. CONTRACTS
FOR SUPPORT:
liability for
funeral
expenses.

expenses of Mrs. Brandes. This was not part of their contract with the deceased. They agreed to care for her during life, not to bury her at death. If she had any estate, this estate was subject to claims for her funeral expenses. There is no proof that the Hoyers agreed to pay funeral expenses.

Appellants contend that neither the judgment of this court nor that of the district court, although rendered against Johanna Brandes, was a lien upon her real estate

2. JUDGMENT
LIEN FOR
COSTS.

for the reason that a judgment of this court is not a lien upon real estate situated in another county than Polk until it is docketed in the county where the real estate is situated, and that a judgment for costs in a probate proceeding in the district court is not a lien upon real estate even in the county where rendered. As the trial court did not allow the costs taxed in the original probate proceeding, we have to determine whether or not a judgment for the costs of this court was a lien upon Johanna Brandes' property. If so, then the trial court did not err in its order. If, on the other hand, no lien was created, then the trial court was in error in its findings. There was not only a judgment in this court for the costs of the appeal rendered January 15, 1906, and before the death of Mrs. Brandes, but also a judgment in the probate court for the amount thereof after return of the *procedendo* to the district court on April 17, 1906; this being before the death of Mrs. Brandes. This order was afterwards modified so as to tax one-half of the costs of the trial below to Johanna Brandes and the other half to the Vogels, who were defeated on their appeal to this court. It is fundamental,

of course, that a judgment is not a lien upon real estate unless made so by statute. *Albee v. Curtis & Morey*, 77 Iowa, 644.

Our present statutes provide that judgments of the Supreme or district courts of the state are liens upon the real estate owned by the defendant at the time of their rendition and upon all he may subsequently acquire. See Code, section 3801. By section 3802 it is provided: "When the land lies in the county wherein the judgment was rendered, the lien shall attach from the date of such rendition, but if in another it will not attach until an attested copy of the judgment is filed in the office of the clerk of the district court of the county in which the land lies." Appellants contend that until transcripted to the district court, or until entry of judgment there, the judgment of this court was not a lien upon the real estate of the judgment debtor situated in Lee County. The modified judgment rendered by the district court after the return of the *procedendo*, while providing that the costs of this court should be paid by Johanna Brandes, did not fix the amount of these costs, although at that time a statement of the costs and of the fact that judgment had been rendered against Johanna Brandes in this court with the record and page thereof had been sent by the clerk of this court with the *procedendo* to the clerk of the district court, and was in his possession when the order was made in this case establishing these costs as a lien, and, in the final order, which included an apportionment of the costs in the original case, the executor was directed to pay the costs of this court on appeal. We may assume for the purposes of the case that, until transcripted to the district court, the judgment of this court was not a lien upon the real estate of Johanna Brandes, and that in ordinary proceedings in probate a judgment for costs does not become a lien upon real estate; but the record here shows that a statement of the costs of this court was filed with the clerk

of the district court, and it also appears that the costs were incurred in an action to set aside Johanna Brandes' distributive share of her deceased husband's real estate. The proceedings were adversary in character, and, although on the probate side of the docket, we think that, as Johanna Brandes secured her title and right to the property through a decree in probate in which she was adjudged to pay the cost of the appeal to this court, this judgment for costs became a lien upon the property so secured. Appellants, who claim through Mrs. Brandes, are in no better position than she would have been had she attempted to claim the property free from any lien of the judgment for costs. It appears that both the administrator and the interveners, who are ordinary creditors, had notice of this judgment for costs before any attempt was made to sell the property to pay debts. Even without actual notice, they are not in the position of innocent purchasers for value. They have no other or greater rights than Mrs. Brandes would have had, had she lived. Had she survived, we have no doubt that the Hoyers might have collected their judgment for costs by execution and the levy of a fee bill.

It is also contended that, as the amount of the costs was left blank in the judgment as rendered, the judgment is void and of no effect. This position is answered by 3. JUDGMENT FOR COSTS: designation of amount. *Frankel v. Railroad Co.,* 70 Iowa, 424, wherein it is expressly held that such a judgment is valid and the amount of the costs may be inserted at any time. See, also, *Lind v. Adams,* 10 Iowa, 398; *Roane v. Hamilton,* 101 Iowa, 250, is not in point. There the amount of the judgment was left blank, and this was held to be fatal.

Appellants also question the procedure adopted in this case, but an examination of the record discloses that it was entirely proper and legal.

Appellants' motion to strike appellees' amendment to abstract is overruled. Little, if anything, set forth therein

may properly be said to be unnecessary to a final determination of the case.

No error appears, and the judgment must be, and it is, *affirmed*.