## THE DISTRICT TOWNSHIP OF BOOMER v. FRENCH.

1. **Statute of Limitations**: FRAUD. An action upon the bond of the treasurer of a school district, not being based upon fraud although by fraudulent concealment the forfeiture of the bond was not discovered until after the bar of the statute had intervened, is not saved by the provisions of Sec. 2530 of the Code.

2. ———: FRAUDULENT CONCEALMENT. Where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might by the use of diligence have been discovered.

3. ———: ———. To defeat the bar of the statute, actual fraudulent concealment must be averred and shown; mere ignorance is not sufficient.

### Appeal from Pottawattamie District Court.

### TUESDAY, JUNE 15.

ACTION to recover an alleged balance due from the defendant, as treasurer for the plaintiff. The petition was filed May 17th, 1874, and alleged that plaintiff is a corporation; that from April 17, 1869, to March 21, 1870, the defendant was the duly elected and acting treasurer for plaintiff; that during that time the defendant received of moneys belonging to plaintiff two thousand dollars, which he appropriated to his own use, more than he accounted for; that at the close of his term a partial settlement was had with defendant, but by means of false and fraudulent entries in his books as treasurer, and by means of fictitious entries, and corrupt and fraudulent concealments and misrepresentations, the defendant kept from the plaintiff's knowledge the fact of the receipt of said sum until October, 1873, and plaintiff had no knowledge of the facts, or of the gross frauds perpetrated by defendant till said date.

The defendant demurred to the petition, because it appeared therefrom that the cause of action is barred by the statute of

limitations, for that it appeared that defendant was sued for a default as a public officer, and more than three years had transpired since the cause of action accrued. This demurrer was sustained, and plaintiff appeals.

*Clinton, Hart & Brewer,* for appellant.

*Sapp & Lyman,* for appellee.

COLE, J.—By our statute, causes of action against a public officer growing out of the omission of an official duty, must

1. STATUTE of limitations: fraud.

be brought within three years after their causes accrue. Rev. 1860, Sec. 2740, Code 2529. This cause of action accrued on March 21, 1870, and suit was not brought until 1874. It is therefore barred, nothing further appearing. *Powesheik Co. v. Ogden,* 7 Iowa, 177; *The State v. Dyer,* 17 Iowa, 222; *Prescott v. Gonser,* 34 Iowa, 175. But it is claimed that it is saved by the provisions of Code, "Sec. 2530. In actions for relief, on the ground of fraud or mistake, and in actions for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake or trespass complained of shall have been discovered by the party aggrieved."

This action does not come within the language or meaning of the section quoted, for the reason that the action is not for relief on the ground of fraud, but on the ground that the defendant failed to pay over money received by him. The cause of action does not grow out of the fraud alleged; it existed independent of the fraud. Under the provisions of the section quoted above, the fact that the plaintiff by reason of the fraud of the defendant, failed to discover the cause of action, does not defeat the bar of the statute, that is defeated by the terms of that section only where the cause of action is grounded in fraud.

We have thus far discussed the question made, upon the basis of the arguments submitted to us by the respective coun-

2. ——: fraudulent concealment.

sel. Doubtless the District Court decided the question upon the construction of the statute quoted, and upon the same basis of argument as presented to

The District Township of Boomer v. French.

us; and thereon, alone, the correctness of its decision could not probably be successfully controverted. But, upon an appeal, while we are limited to the points or questions made, we are not limited to the arguments submitted, or to the authorities cited. Looking beyond, we find the rule to have been very well settled, under the English statute of limitations, that where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered. *Booth v. Lord Washington*, Brl. Parl. Cas., 163; *Hovenden v. Lord Annesley*, 2 Sch. & Lefr. 607, (i. e. 634;) *Western v. Cartwright*, Select Cas. in Ch. 34; *South Sea Co. v. Wymondrell*, 3 Peere Wm., 143; *Deloraine v. Browne*, 3 Bro. Ch., 633; *Bree v. Holbeck*, 2 Doug., 654; recognized in *Short v. McCarthy*, 3 Barn. & Ald., 403; confirmed in *Brown v. Howard*, 2 B. & B., 73, s. c., 4, J. B. Moore, 508; *Clark v. Hougham*, 2 Barn. & Crss, 149; *Granger v. George*, 5 Ibid, 149, s. c., 7, Dowl. & Ryl., 729; *Howell v. Young*, 5 Barn. & Cress, 259; *Ex parte*, Bolton 1 Mont. & Ayrton, 60; *Macdonald v. Macdonald*, 1 Bligh., 315; *Wally v. Wally*, 3 Bligh., 12; *Cooper v. Godmond*, 9 Bing., 748. And the same doctrine has been recognized and established in this country. See, *First Mass. S. P. Co. v. Field*, 3 Mass., 201; *Bishop v. Little*, 3 Greenl., 405; *Morton v. Chandler*, 8 Greenl., 9; *Cole v. McGlathery*, 9 Greenl., 131; *Sherwood v. Sutton*, 5 Mason, 143, where Judge Story reviews the English and American cases at length; *Payne v. Hathaway*, 3 Vermt., 212; *Mussi v. Lorain*, 2 P. A. Brown, (Penn.,) 59; *Pennock v. Freeman*, 1 Watt., 401; *Jones v. Conaway*, 4 Yeates, 109; *Harnell v. Kelley*, 2 McCord, 426; *Homer v. Fish*, 1 Pick., 435; *Wells v. Fish*, 3 Pick., 73, and cases cited in note, page 75, and many other and later cases; see also 2 Greenl. on Ev., § 448, and cases cited. The same doctrine is recognized in courts of equity in New York, *Butine and wife v. Varian*, 1 Edward's Ch., 343, and other cases; while it is not there enforced by courts of law. *Troup v. Smith*, 20 Johns., 40. Similar rules obtain; also

in North Carolina and Virginia, *Hamilton v. Sheppard*, 2 Murphey, 115; *Callis v. Waddy*, 2 Munf., 511; see also *Shelby v. Shelby*, Cooke's (Tenn.,) 183.

It must be understood that, in order to defeat the bar of the statute, actual fraudulent concealment must be averred and shown,—mere ignorance is not enough. Here such fraudulent acts and concealment are directly averred, and these being admitted by the demurrer it was error to sustain it.

REVERSED.