FINDLEY ET AL v. STEWART ET AL.

1. **Statute of Limitations:** FRAUD.. When the party against whom a cause of action exists, by fraud or actual fraudulent concealment prevents the party in whose favor it exists from obtaining knowledge of it, the statute only commences to run from the time the right of action is discovered, or might by the use of diligence have been discovered.

*Appeal from Monroe Circuit Court.*

TUESDAY, OCTOBER 16.

THIS is an action for the partition of certain real estate owned by Stephen Stewart at the time of his death. The principal controversy between the parties is as to the ownership of the south half of the northeast quarter of section nine, township seventy-three, range seventeen. Appellants claim that this was part of the real estate owned by Stephen Stewart at the time of his death. The appellees claim an interest in said property as the heirs of Francis Purdue, deceased. The court found the facts to be as claimed by the appellees and made partition of the property in accordance therewith. Plaintiffs appeal.

*Dashiell & Andrews,* for appellants.

*Perry & Townsend,* for James and William Stewart, appellees.

*George Fuller,* for the other appellees.

DAY, CH. J.—I. The evidence shows the relationship of appellees to Francis Purdue to be as they claim. We unite without any hesitancy in holding that the evidence establishes the following facts: In 1848 Stephen Stewart entered the land in controversy, and also the northwest quarter of the northwest quarter of section seventeen, township seventy-three, range seventeen, in trust for his brother, Robert Stewart. Soon thereafter, the title to said land still being in Stephen Stewart, Robert Stewart sold it to Thomas Purdue. In Decem-

ber, 1848, Stephen Stewart, at the request of his brother Rob-
ert and Thomas Purdue, conveyed said land to Thomas, which
deed was never recorded. Shortly after this conveyance
Thomas Purdue died, and his estate in these lands vested in
Francis Purdue, his father and only heir. In December, 1849,
Francis Purdue died. The appellees are his heirs, and as such
claim the property. Stephen Stewart, after the death of
Thomas Purdue, in some manner re-possessed himself of the
deed he had made to Thomas, and fraudulently destroyed it,
and concealed the fact from the appellees. It follows from
these facts that the property in controversy was properly par-
titioned, unless the claim of appellees is barred by the statute
of limitations.

II. In 1851 or 1852, Stephen Stewart took possession of
the property in controversy, and he maintained that posses-
sion until his death in April, 1875. Appellants
insist that the claim of these appellees is barred
by the statute of limitations. Counsel for the appellees,
James and William Stewart, claim that this is an action for
relief on the ground of fraud, the fraud consisting in the
destruction of the deed, and the concealment of that fact, and
that the cause of action under section 2530 of the Code did
not accrue until the fraud was discovered. The counsel for
the other appellees repudiates this claim and insists that the
action is not one for relief on the ground of fraud, but that it
is an action to recover real estate under section 2529, subdi-
vision 5.

1. STATUTE of
limitations:
fraud.

Without determining whether this action can fairly be
regarded as coming under the provisions of section 2530, we
are of the opinion that, under the facts disclosed, and the
former rulings of this court, the action is not barred by sub-
division 5, section 2529. The appellees base their claim to
this property upon a deed of conveyance executed by Stephen
Stewart to Thomas Purdue. The deed was never recorded.
Thomas Purdue and his father and heir, Francis, soon there-
after died. Stephen obtained possession of the deed and des-
troyed it, and concealed from the parties entitled to the land
the fact of the execution of the deed. Now, whilst it is true

that mere ignorance of their rights upon the part of those entitled to the land would not prevent the statute of limitations from running, yet that effect is produced when this ignorance arises through the fraudulent acts of him in whose aid the statute is invoked. The rule is stated as follows: "That where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered." *The District Township of Boomer v. French*, 40 Iowa, 601, and numerous authorities there cited. This rule applies where the cause of action does not grow out of the fraud alleged, but exists independently of it, and is governed by the general statute of limitations. Under this principle this cause of action is not barred under the general statute, for the existence of the deed to Thomas Purdue, which forms the basis of appellees' cause of action, was concealed by the fraudulent acts of Stephen Stewart, and was not discovered until about the time this suit was commenced, nor does it appear that by the exercise of reasonable diligence it could have been discovered sooner. Appellants claim that Elizabeth Sinat and William Purdue, the ancestors of Emily Rains and Mary Webb, had knowledge of the existence of the deed soon after it was executed. We think such fact is not shown by competent and satisfactory testimony.

III. In November, 1867, Stephen Stewart, for the expressed consideration of $920, conveyed to William and James Stewart certain land by way of advancement, the deeds specifying that they should be accepted in full of William and James' shares in the estate of their father, until the other heirs were made equal with them, after which they should share alike. The court reduced this advancement to $766, upon the ground that part of the lands conveyed to them constituted part of the Thomas Purdue lands, did not belong to Stephen Stewart, but did belong in part to William and James as heirs of their mother. This action of the court is assigned as error. From the deeds we are unable to discover that the land deeded to

William Stewart constitutes part of the Thomas Purdue land, but there is probably some mistake in the description, as it is claimed by appellee and seems to be conceded by appellant that part of the land deeded to both William and James Stewart is included in that which we have found was deeded by Stephen Stewart to Thomas Purdue. Assuming this to be the fact, the court did not err in reducing the advancement in the amount of the value of the lands which the deeds purported to convey, but which did not belong to the grantor. We discover no error in the action of the court below.

AFFIRMED.