WILDER V. SECOR, BURNOP & LAW.

1. **Statute of Limitations**: CONCEALMENT OF CAUSE OF ACTION: ATTORNEY AND CLIENT. Where a client sends his attorney a claim against an estate for collection, but the attorney files it against the estate in his own name, and avails himself of it in the settlement of his own accounts with the administrator, he converts the claim to his own use, and a cause of action at once arises; but where he conceals these facts from his client, the statute of limitations does not begin to run against the client until he discovers the cause of action, or might discover it by the use of reasonable diligence. (*Dist. Twp. of Boomer v. French*, 40 Iowa, 601, followed.) The obligation of the attorney in such a case to inform his client of the facts precludes him from the making the claim that the client might sooner have discovered the facts by an examination of the records.

*Appeal from Winnebago District Court.*

FRIDAY, JUNE 24.

ACTION for the conversion of a draft which plaintiff alleges he sent to defendants, who are attorneys at law, for collection. The district court sustained a demurrer to the petition, on the ground that it appeared, by the averments thereof, that the action was barred by the statute of limitations. Plaintiff appeals.

*Cyrus Foreman* and *G. E. Marsh*, for appellant.

*Glass & Hughes*, for appellees.

REED, J.— It is averred in the petition that in the year 1876, and prior thereto, defendants were employed by plaintiff, in their capacity as attorneys, to look after certain business matters in which he was concerned, and that, in the course of such employment, they collected a sum of money for him; that, in remitting said amount, they sent to him a draft or check drawn by one Robert Clark on a bank in Chicago; that, before said draft was presented, for payment to the payee, Clark died, and, when it was presented, payment was refused, and it was returned to plaintiff, who thereupon sent it

to defendants, with direction to file the same in his name as a claim against the estate of Clark, and procure its allowance or establishment; but that defendants filed said draft in their own name, together with a large number of others held by them, and procured the allowance of the same as a claim in their own favor against the estate, and, being indebted to the estate, they subsequently settled with the administrator, and set off the amount of the claim so allowed in their favor against their indebtedness, and receipted to the administrator for the amount thereof, and discharged him and the estate therefrom. This settlement is alleged to have been made more than five years before this suit was instituted, but it is averred that plaintiff was not informed of the transaction until a few months before the the suit was brought. It is also averred that plaintiff relied upon defendants as his attorneys to prosecute said claim, and collect the amount due thereon; that he resided in another state, and all of his communications with them, with reference thereto, were by letter; and that they never disclosed to him that they had procured the allowance thereof to themselves, but concealed that fact from him, and led him to believe that it had been allowed in his name, and that it would be paid by the administrator in the settlement of the estate.

We are of the opinion that, under the facts pleaded, the statute of limitations did not begin to run until plaintiff discovered the existence of his cause of action against defendants. When they procured the allowance of the claim in their own favor, and availed themselves of it in their settlement with the administrator, they converted it to their own use, and a cause of action at once accrued against them in plaintiff's favor for the amount. They concealed the existence of the cause of action from him, and they did this when, by virtue of their relation to him, they were under obligation to reveal to him every fact, in connection with his claim against the estate, which might in any manner affect his interest. Their suppression or concealment of the facts

was a fraud upon his rights. The allegations of the petition bring the case within the rule laid down in *District Twp. of Boomer v. French*, 40 Iowa, 601, (and subsequent cases,) which is that, "when the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment, prevented such other from obtaining a knowledge thereof, the statute of limitations would only commence to run from the time the cause of action was discovered, or might by the use of diligence have been discovered."

As plaintiff had the right to rely upon defendants to communicate the facts of the case to him, and, as they were under obligation to communicate them, they cannot be permitted to say that he might have discovered the existence of the cause of action at an earlier date than he did by an examination of the records of the proceeding in which the claim was allowed against the estate, and settled by the administrator.

We think the district court erred in sustaining the demurrer.

REVERSED.