Mary McBride, Administratrix, Appellant, v. The
Burlington, Cedar Rapids & North-
ern Railway Company.

**Statute of Limitations: FRAUD.** Where an administratrix knew that her intestate was killed while in defendant's employ, the running of limitations against the claim for damages was not interrupted by defendant's representations that it was in no manner to blame for deceased's death, nor by its concealment of the facts concerning the accident which caused his death.

*Appeal from Linn District Court.*—Hon. William G.
Thompson, Judge.

Wednesday, January 29, 1896.

Action for damages.   Demurrer to petition sustained, and plaintiff appeals.—*Affirmed.*

*Rickel, Crocker & Christie* for appellant.

*S. K. Tracy* and *J. C. Leonard* for appellee.

KINNE, J.—I. This action is brought by plaintiff, as administratrix of the estate of John McBride, deceased, for the recovery of damages resulting from his death, which it is claimed was caused by the negligence of the defendant company. The petition is in four counts. The first count charges, in substance, that on August 14, 1888, plaintiff's intestate, John McBride, who was also her husband, was in the employ of the defendant company as a section hand, and that, while engaged in the proper performance of his duties as such, he, with other employes of the defendant company, was propelling a hand car of defendant upon its track, and that said car "jumped" the track, and in falling said McBride was killed, by reason of the derailment of said car, and without fault on his part. That said car was not properly constructed, that it was out of repair and unfit for use, and that such condition was known to the defendant. That, by reason of its defective and dangerous condition, the injury resulted. That, intending to cheat and defraud plaintiff, and the heirs of said estate, defendant falsely and fraudulently represented to plaintiff that the death of John McBride resulted from an accident; that defendant was in no manner to blame; that said car was not defective or out of repair. That upon said McBride's death, defendant caused said car to be removed to its shops, and its construction and identity to be so changed as to conceal the same. That plaintiff has been unable, by the exercise of due diligence, to acquire a knowledge of the facts; but the same have been concealed, actively and fraudulently, from her; nor did she learn them until within one year prior to the bringing of this action. That she believed and relied upon the representations made to her, and was deceived thereby. The second count is substantially the same as the first. The third count sets

forth the same facts, and claims damages, by reason of said fraud and deceit, in being deprived of her right of action. The fourth count is the same as the first, with the additional averment that, by reason of false and fraudulent representations of defendant, which were relied upon by plaintiff, she was induced to accept the sum of two hundred and fifty dollars in settlement of her claim for the death of her husband. Defendant demurred to all of said counts, because the cause of action, if any, was barred by the statute of limitations, and the averments of fraud did not defeat the bar of the statute. The court sustained the demurrer, and, the plaintiff refusing to plead further, and electing to stand upon her petition, judgment was entered dismissing her petition, and for costs. She appeals.

II.   Our statute provides that all actions founded on injuries to the person, whether based upon contract or tort, must be brought within two years after their causes accrue. Code, section 2529, paragraph 1. Unless, therefore, there is something, outside of the statute itself, which has prevented its running, this action is barred. The contention of appellant is, that the facts alleged bring this case within the rule laid down by this court in the case of *District Township of Boomer v. French*, 40 Iowa, 601, and subsequent cases. It was held in the case referred to that, "when a party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment, prevented such other from obtaining a knowledge thereof, the statute of limitations would only commence to run from the time the cause of action was discovered, or might by the use of diligence have been discovered." This case, and others which we shall refer to, are, it is insisted, controlling in the case at bar. The *French Case* was one where the defendant who was the duly-elected and acting treasurer of a

school district, had during his term of office received
a large sum of money belonging to the district, which
he appropriated to his own use, and upon a settle-
ment with the district failed to account for.   He had
so kept his books, by means of false, fictitious, and
fraudulent entries, and had practiced such conceal-
ments and misrepresentations, as to keep from the
defendant's knowledge the fact of the receipt of said
money.   It was held that the cause of action did not
grow out of the fraud, but existed independent of it,
and the doctrine above stated was established.   In
*Bradford v. McCormick,* 71 Iowa, 130 (32 N. W. Rep.
93), the action was to recover from the defendant, a
justice of the peace, and the sureties on his official
bond, money which he had collected in 1882.   The
action was begun in 1885, some two years after the
term of office of the justice had expired.   The charge
was, that he had fraudulently concealed from the plaint-
iff the fact that he had collected said money, and that he
had converted it to his own use.   It appeared upon
the trial that the justice had reported to plaintiff that
no money had been paid him on the judgment owned
by plaintiff, and it was held such a fraudulent con-
cealment as prevented the running of the statute.
In *Wilder v. Secor,* 72 Iowa, 161 (33 N. W. Rep. 448),
the action was for the conversion of a draft sent for
collection to defendants as attorneys.   It appeared
that the draft was sent to defendants to file as a
claim against an estate.   They filed the claim in their
own name, and being indebted to the estate, settled
with the administrator, and set off the amount of the
claim against their indebtedness to the estate.   The
facts were not disclosed to plaintiff for more than five
years, and the defendants led the plaintiff to believe that
the claim was allowed in his name and would be paid
him.   It was held that the cause of action accrued
when the conversion took place, but defendants had

fraudulently concealed the facts, and hence the statute
had not run.   *Carrier v. Railway Co.*, 79 Iowa, 86 (44 N.
W. Rep. 203), and *Cook v. Railway Co.*, 81 Iowa, 563
(46 N. W. Rep. 1080), involved substantially the same
facts.   They were actions for the recovery of over-
charges for freight shipped, and it appeared that defend-
ant charged and received for transporting plaintiff's
shipments a sum in excess of what was reasonable for
the service rendered.   The fraudulent concealment
consisted in representing that the sums charged were
the usual rates and the same rates that were charged
all other shippers for the same service, which was
untrue, and in fraudulently concealing from plaintiffs
the fact that a less rate was charged other shippers
for the same service.   In all of these cases the cause
of action existed independent of the fraud and con-
cealment, but because of the concealment of the facts
upon which the cause of action arose, it was held the
actions were not barred by the statute.   Now, in
*French's Case* the district had no knowledge within
the period of limitations that the treasurer had
received and converted the money.   The same is true
in *Bradford's Case* and in *Wilder's Case*.   In the Rail-
way cases all of the facts which would create a cause
of action were concealed.   We think these cases differ
much from the one at bar.   In the case at bar, what
created a cause of action against defendant?   Mani-
festly the cause of action, if any existed, arose when
McBride was killed. · True it is that negligence could
not be predicated against the company from the fact
alone that McBride was killed while in their employ-
ment.   Now, we are asked by counsel to go further,
and hold that, although some of the facts which go
to make up or give a right to a cause of action are
known, still, because some of them are not made
known or are concealed, therefore that is such a
fraudulent concealment as will prevent the running

of the statute. There was no concealment in this case of the fact that McBride was killed by the hand car; that he was so killed while in the defendant's service. While it is true that one necessary ingredient of the cause of action—defendant's negligence—was concealed, still, every other fact which went to constitute a cause of action was known to plaintiff. The body of the cause of action, if we may call it such—the killing of McBride while in defendant's service—was never concealed. Now, if the defendant did not disclose to the plaintiff the particular facts as to how such accident occurred, or if it asserted that his death was accidental and its hand car in good order, it is, at most, a concealment of evidence which might establish one element in a cause of action. We do not think the rule should be so extended. The demurrer was properly sustained.—AFFIRMED.