W. S. BAIRD v. THE OMAHA & COUNCIL BLUFFS RAILWAY & BRIDGE COMPANY OF NEBRASKA AND THE OMAHA & COUNCIL BLUFFS RAILWAY & BRIDGE COMPANY OF IOWA, Appellants.

**Statute of Limitation:** ACCRUAL OF ACTION FOR MISTAKE. Under Code, section 3448, providing that actions for relief because of mistake shall not accrue until the mistake is discovered, where a tax voted in aid of a resident bridge company is by it assigned to a foreign company, which cannot legally receive such aid without the tax payer's knowledge, who pays the tax believing the resident company is to receive it, an action for its recovery because of such mistake does not accrue until a discovery of the mistake.

Time of Appeal: COMMISSIONERS' REPORT: *Final judgment.* Where,
  in an action involving a money demand, a finding is made for
  plaintiff, and commissioners are appointed to ascertain the
  amount due, the time within which appeal may be taken will be
  computed from the date of the commissioners' report; the
  judgment not being final until such report is received.

*Appeal from Council Bluffs Superior Court.*—HON. E. E.
AYLESWORTH, Judge.

WEDNESDAY, MAY 23, 1900.

PLAINTIFF, as assignee of the claims of a number of
taxpayers, seeks to recover the amounts paid by them to aid in
the construction of a bridge over the Missouri river between
Council Bluffs, Iowa, and Omaha, Neb. He had judg-
ment in the trial court, and defendants bring the case here
on appeal.—*Affirmed.*

*Wright & Baldwin* for appellants.

*W. S. Baird* for appellee.

WATERMAN, J.—In the case of Smith against these
same defendants (97 Iowa, 545), which was an action by
an assignee of a part of the tax in question to recover the
same, we held the plaintiff had a right of action, and affirmed
a judgment in his favor for the amount claimed. The rul-
ing in that case is not questioned here. The only defense
interposed is the statute of limitations.

II. Before taking up the case on its merits, we have
to dispose of a claim made by appellee that the appeal was
not taken in time. On April 1, 1898, the trial court entered
a finding that plaintiff was entitled to recover, and
appointed commissioners to examine and ascertain
the amount due. The commissioners reported the
amount on July 20, 1898. The following proceedings were
then had: "And now at the same time plaintiff appears, and
in open court moves for judgment on compliance with the

findings of the court as made and entered April 1, 1898," etc. Judgment was rendered for the amount so reported. On October 8th following, notice of appeal was served. Plaintiff maintains that the entry of April 1, 1898, was the final judgment, and the appeal should have been taken within six months thereafter. In support of this position, a number of equity cases are cited, in which some minor mat- ters were reserved for consideration after a decree on the merits. But this is a law action, in which nothing but a claim for money was involved. There could be no final disposition of the case until the amount was ascertained and fixed. *Gid- dings v. Giddings,* 70 Iowa, 486; *Roane v. Hamilton,* 101 Iowa, 250, and cases cited. The appeal was timely.

III. A reference to the case of Smith against these defendants, to which we have referred, will show that the ground upon which we held plaintiff there entitled to recover was that aid by public taxation could not be given a foreign corporation formed for the construction of a bridge, and that in this instance the Nebraska company received the taxes collected. We need not go more into detail. Plaintiff's cause of action is clearly barred, unless saved by the provisions of section 2530, Code 1873, being section 3448 of the present Code, which is as follows: "In actions for relief on the ground of fraud or mistake, and in actions for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of, shall have been discovered by the party aggrieved." It is admitted that the contract between the Iowa and Nebraska companies, by which the former as- signed to the latter all right to the taxes in question, and transferred to it all its rights for a term of ninety-nine years, under the city ordinance, which authorized the construction of the railway in the streets of Council Bluffs, and under the act of congress authorizing the building of the bridge, was not made public until December 16, 1891; that it was

not recorded or filed in the office of the secretary of state until January 10, 1894; and that neither plaintiff nor any of his assignors knew of the existence of said contract until December 16, 1891. This action was begun August 20, 1896. Plaintiff claims these taxes were paid under a mistake which was not discovered until December 16, 1891, when the fact first became known that the Nebraska corporation was to receive them. The fraud referred to in section 2530 is such as was originally cognizable in equity. *Cowin v. Toole,* 31 Iowa, 513. But the matter of mistake mentioned is not so limited. *McGinnis v. Hunt.* 47 Iowa, 668; *Higgins v. Mendenhall,* 42 Iowa, 675. The fact that the holding in this last case was reversed when the action came a second time to this court strengthens, rather than weakens, the conclusion we have announced, for the change of opinion is based solely on the fact that the word "mistake" does not appear in the statute there construed. See *Higgins v. Mendenhall,* 51 Iowa, 135. It is true, perhaps, the mistake referred to must be something in the nature of a fraud; that is, the party complained of must have been guilty of some breach of faith in concealing the true state of facts. *Carrier v. Railway Co.,* 79 Iowa, 80. But the facts here as to such concealment are quite as strong as in the *Carrier Case,* which we held to be within the terms of the section under consideration. This tax was voted and paid under the supposition that the Iowa company—the one legally authorized to take—would receive it. The fact that the latter had parted with all right to it was not made known until long after payment had been made. Defendants rely strongly upon the cases of *Beecher v. Clay County,* 52 Iowa, 140, and *Lonsdale v. Carroll County,* 105 Iowa, 452. In both of these instances the taxes were illegally exacted. Nothing was concealed from plaintiffs. In the case at bar the taxes were apparently legally exacted. Payment for the benefit of the Iowa company could have been en-

forced. The wrong here was in the payment by the county treasurer to a person not entitled, the proper beneficiary having disabled itself from claiming or recovering the same. In *Shreves v. Leonard,* 56 Iowa, 74, the court lays special stress on the fact that there was no fraudulent concealment; that is, no affirmative act was done by defendant which misled the plaintiff. Upon these grounds alone is that case distinguished from *Township v. French,* 40 Iowa, 601, in which it was held that a fraudulent concealment of the cause of action would prevent the running of the statute until the right of action was discovered. See, further, as supporting our holding, *Manatt v. Starr,* 72 Iowa, 677. Our conclusion is that the cause of action was not barred, and, as that is the only issue argued here, the judgment of the trial court will be AFFIRMED.