J. O. WEST, Appellee, v. W. M. FRY, Appellant.

**Reference of causes:** REVIEW OF ORDER. Objection to the reference of a cause for trial, which does not involve a jurisdictional question, cannot be raised on appeal, where the parties took no exception to the reference and appeared and tried the case before the referee.

**Limitation of actions:** MISTAKE. The statute of limitations runs against an action arising from a mistake of the parties from the time the mistake might, in the exercise of ordinary diligence, have been discovered.

*Appeal from Marion District Court.*— HON. JAMES GAMBLE, Judge.

THURSDAY, JUNE 6, 1907.

ACTION to recover for corn sold and delivered, for use of a farm and for damages thereto, and upon an account for hay. Defendant denied generally, and pleaded a counterclaim upon an account of forty-nine items covering the years 1888 to 1901, which account showed twenty-one items of

credit. Plaintiff, in reply, admitted a partnership relation between the parties for the years 1888 to 1890, claimed additional credits to those shown by defendant, also a full settlement of defendant's account, and the Statute of Limitations. Upon its own motion, and without objection or exception by either party, the trial court sent the case to Mr. Sam D. Woods, as referee, who proceeded to hear and try the same, and to make his report back to the court. Motions to confirm and to set aside were filed, and the District Court sustained plaintiff's motion to confirm, except as to one item, and overruled defendant's to set aside.—*Affirmed*.

*Hays & Amos,* for appellant.

*L. D. Teter* and *Geo. W. Crozier,* for appellee.

DEEMER, J.— As there was no objection or exception to the reference made by the court, and as both parties appeared and tried the case before the referee, and at no time made any objection to his hearing the matter, appellant is in no position to question the order made. In this respect the case comes to us on error, and without objection to the court's ruling in sending the case to a referee, there is nothing to present. *Wies v. Morris Bros.,* 102 Iowa, 332. The objection does not go to the jurisdiction of the court or of the referee, for even a law action may be tried to a referee by consent. Moreover, a partnership between the parties was admitted, and an adjustment of the accounts thereof was asked.

1. REFERENCE OF CAUSE: review of order.

Among other things, the referee found, in substance, the following facts: " That on October 7, 1890, the plaintiff signed defendant's name to a check for $196.20, drawn on defendant's bank account, and received the money therefor. This was for a car of corn which plaintiff had purchased for the defendant. Some days thereafter, the defendant, not knowing of the drawing

2. LIMITATION OF ACTIONS: mistake.

of the said check, again paid the plaintiff the said amount. It is not charged that there was any fraud on the part of the plaintiff in this matter, or that he willfully concealed the fact that he had drawn this check from the defendant. These parties were brothers-in-law, engaged in business transactions together, and a relation of trust and confidence existed between them, as shown by the fact that plaintiff checked upon the defendant's bank account. This transaction was merely a mistake between the parties; the defendant supposing he was paying a debt due the plaintiff, and the plaintiff, through inadvertence, and mistake, neglected to apprise the plaintiff, or had forgotten that he had received payment for this corn."

The referee allowed defendant this item, but the trial court disallowed it, and rendered judgment for plaintiff in the sum of $363.68. Defendant makes the following contention with reference to the item in dispute: " Where a pure mistake has occurred between parties, and one holds a claim against the other arising therefrom, does the Statute of Limitations commence to run from the time of the actual discovery of the mistake, or from the time when, in the exercise of reasonable diligence, the party holding the claim should have discovered such mistake?" Code, section 3448, provides that, in actions for relief on the ground of fraud or mistake, the cause of action shall not be deemed to have accrued until the fraud or mistake complained of shall have been discovered by the party aggrieved. With reference to the mistake here relied upon, the referee found that defendant in the exercise of due diligence might have, and ought to have, had knowledge of this double payment within five years after the time he asked to recover thereon; that, had he exercised ordinary care usual in such matters, he would have discovered the mistake; and that in the exercise of such care he might in a few days after making the double payment have discovered the mistake. The evidence is not before us, and the case is submitted by both parties upon the findings of fact made by the referee. This must be accepted

as final, and the question presented by appellant must be determined in the light of these facts. The last check was made October 8, 1890. As neither party has anything to say regarding the applicability of section 3447, we do not consider that section in its possible bearings upon this case. The referee allowed this item to defendant, and the trial court disallowed it. By the uniform holdings of this court, the mistake referred to in the section quoted is not such as was heretofore solely cognizable in a court of chancery. *Baird v. Railroad,* 111 Iowa, 627; *Higgins v. Mendenhall,* 42 Iowa, 675; *McGinnis v. Hunt,* 47 Iowa, 668.

Although some support is to be found for plaintiff's contention that the action is not for relief on the ground of mistake (*Ind. Dist. v. Ind. Dist.,* 123 Iowa, 455), we shall, for the purpose of this inquiry, treat the case as one for such relief, and the only other question is: Was defendant guilty of such negligence as precludes him from recovering the amount paid? While we have no cases exactly in point, it is at least assumed, if not decided, in *Cole v. Bank,* 114 Iowa, 632, that the statute begins to run, in cases where the action is for relief on the ground of mistake, from the time when the mistake might in the exercise of ordinary diligence have been discovered. See, also, *Humphreys v. Mattoon,* 43 Iowa, 556. In this respect there is no difference in the statute between fraud and mistake, and it has frequently been held that, where the action is for relief on the ground of fraud, the statute begins to run from the time when the fraud might by the use of ordinary diligence have been discovered. *Humphreys v. Mattoon, supra; Nash v. Stevens,* 96 Iowa, 616; *Shreves v. Leonard,* 56 Iowa, 74. Plaintiff did nothing to conceal the facts from defendant, or to lull him into security, as in some of the cases cited by appellant, and the sole question here is the effect of defendant's negligence. No matter whether his action be for fraud, for mistake, or to recover for money had and received, it seems to be barred under the findings of the referee, and the trial court was

justified in denying this item in passing upon and reviewing the report of the referee. If we are to follow the rule apparently announced in the *Independent Dist.* case *supra,* and hold that the action is not for mistake, but for money had and received, the same result must follow.

The order and judgment of the district court are correct, and they are *affirmed.*