GEORGE T. CRESS and GEORGE RUPPLEY v. THEORDORE IVENS and T. J. ANDRE, Appellants.

**Actions:** JURISDICTION: WAIVER OF OBJECTION TO FORUM. Where the court has jurisdiction of an action, either at law or in equity, and the suit is improperly brought on the equity side of the court, the error must be taken advantage of by motion to transfer it to the law calender, and not by motion to dismiss at the close of plaintiff's evidence; and by failing to move a transfer the error is waived.

**Same:** MISJOINDER. Under the statute providing that all persons having an interest in the subject-matter of the action and the relief demanded may be joined as plaintiffs. Thus where the plaintiffs were members of a voluntary association formed by the defendants, and defendants acting for all members of the association in the purchase of lands fraudulently represented that all were on the same basis, when in fact they secretly procured and were allowed commissions by the vendors, the joining of a part of the members as plaintiffs in an action to recover their portion of the secret commission, although others did not care to press their claims, was not a misjoinder of parties or causes.

**Same:** FRAUD: LIMITATIONS. Where a cause of action is based upon a fraudulent concealment of facts the statute of limitations does not commence to run until discovery of the fraud.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, MARCH, 5, 1912.

SUIT in equity by the plaintiffs named and others to recover of the defendants and P. C. Molan on account of

fraud in the purchase of lands. There were judgments against the defendants Ivens and Andre, from which they appeal.—*Affirmed.*

*Milchrist & Scott* and *Johnston Bros.*, for appellants.

*Chas. D. Goldsmith* and *Pitkin & Smith*, for appellees.

SHERWIN, J.—The defendants Ivens, Andre, and Molan organized a company, of which the plaintiffs and others were members, for the purchase of about 15,000 acres of Minnesota land of the Boston & Duluth Farm Land Company. The parties interested in the purchase of the land, including Ivens and Andre, entered into a written contract with the land company, whereby they agreed to take the land at $78,138, 18,138 of which was to be, and was paid, when the contract was made, and the remainder of which was to be paid in five equal payments of $12,000 each, with interest. Ivens and Andre were acting for their associates in the purchase of this land, and closed the negotiations therefor and took charge of the written contract. At the same time, they each entered into a separate written agreement with the Boston & Duluth Land Company, whereby the land company agreed to pay each 50 cents per acre for their services in effecting a sale of the land to themselves and their associates. The land was paid for in full, and Ivens and Andre each received from the land company the amount agreed upon for their services. In 1908, more than five years after the contracts had been made, the plaintiffs brought this action to recover of Ivens, Andre, and Molan their proportionate share of the sum received by them for their services, alleging fraud and false representations on their part. The evidence is quite conclusive that the plaintiffs were induced to join the defendants and the others in the purchase of this land through the representations of the defendants that the agreed price

of $5.25 per acre for the land was a low price, and the best price for which it could be obtained; that defendants were not to receive any commission or be otherwise compensated for their special work in connection with the transaction, but that all members of the association were to be on an equal footing and were to pay equal amounts; in other words, that all were to be in on the ground floor. As in many similar cases, however, there was a cellar still below the ground floor into which the defendants Ivens and Andre secretly entered, and drew from the floor above $14,884.43. It needs no argument or citation of authority to demonstrate that they thus perpetrated a fraud upon those of their associates who had no knowledge of the transaction.

At the close of the plaintiff's evidence the defendants moved that the petition be dismissed, because plaintiffs were not entitled to equitable relief, and because there was a misjoinder of parties plaintiff and of causes of action. As to the first point of the motion, it is sufficient to say that the court had jurisdiction of the action, whether it was in law or in equity, and, if it was improperly brought as an equity action, there should have been a motion to transfer to the law side of the calender, and, failing to so move, the defendants waived objection to trial in equity. *Reiger v. Turley,* 151 Iowa, 491.

1. ACTIONS: jurisdiction: waiver of objection to forum.

There was no misjoinder of parties or of causes of action. The plaintiffs were members of a voluntary association formed by the defendants, and the defendants, in making the purchase of the lands in question, were acting for all members. They were guilty of a gross fraud upon the plaintiffs for whom they were acting, and thereby obtained money for which they were bound to account to their associates. All of the interested parties were brought into the action, either as plaintiffs or as defendants, so that a full accounting might be had; and, if some of the other members of the association did not see

2. SAME: misjoinder.

fit to press their right against Ivens and Andre, it is no reason why these plaintiffs and those for whom they were acting should be compelled to institute separate actions and try the same questions over. The interests of the plaintiffs are identical in character, if not in amount, and we think they are within the contemplation of Code, section 3460, which provides that "all persons having an interest in the subject-matter of the action, and in obtaining the relief demanded, may be joined as plaintiffs' except where it is otherwise provided in this Code."

The appellants pleaded the statute of limitations, and devote the greater part of their brief and argument to that question. It is contended that, even if this action was properly brought in equity, it was not solely cognizable there, and that the five-year limitation provided by Code, section 3447, is not extended by section 3448. Whether the action be solely cognizable in equity is not a vital question here; for we find from the evidence that there was a fraudulent concealment of the facts, and that the case is thus brought within the rule of *Boomer v. French,* 40 Iowa, 601; *Carrier v. Railway Co.,* 79 Iowa, 80; *Faust v. Hosford,* 119 Iowa, 97.

3. SAME: fraud: limitations.

There is no merit in the appellants' contention that the fraudulent act might have been sooner discovered by the use of diligence. The defendants were acting in a fiduciary relation to their associates, and their repeated assurances to these plaintiffs that they were not to receive any advantage over them in the purchase of the land justified the plaintiffs in relying thereon, even though they may have suspected a secret arrangement before such assurances were given. Furthermore, the record shows that the plaintiffs were not able to and did not learn the facts until their disclosure was forced by legal action after this suit was brought. These judgments are right, and they are *affirmed.*