HARRY L. OGG, Appellant, v. E. H. ROBB, Appellee.

LIMITATION OF ACTIONS: Computation of Period—Torts— Knowledge of Wrong But Ignorance of Extent of Damage, Effect of. A wrongful or negligent act which invades some legal right of another gives rise to a cause of action from the date when the injured party has knowledge of such act, and not when the full extent of the damages develops, even though the wrongdoer falsely and fraudulently assures the injured person, at the time of the doing of the act, that the injury is temporary and of no consequence.

PRINCIPLE APPLIED: Plaintiff alleged that defendant negligently experimented on plaintiff's arm with an X-ray machine; that the flesh became discolored by reason thereof; that defendant falsely assured plaintiff that the discoloration was temporary and of no consequence, well knowing at the time that he had produced effects and conditions that would finally develop into malignant cancer; that defendant treated the discoloration, and the same disappeared, but a scar remained; that, twelve years later, said injury did develop into a malig-

nant cancer; that, until the cancer did so develop, plaintiff was
ignorant of the fraudulent concealment of defendant. *Held*,
petition was demurrable because the cause of action accrued
when the discoloration and injury became known to plaintiff,
and not at the time the cancer developed.

*Appeal from Jasper District Court.*—K. E. WILLCOCKSON,
Judge.

FRIDAY, APRIL 6, 1917.

REHEARING DENIED SATURDAY, SEPTEMBER 29, 1917.

As appellant states his claim, this is an action at law
brought by plaintiff to recover damages for injuries caused
by defendant's negligence and malpractice as a physician
and surgeon, and by his fraud and fraudulent deception
therein in connection with electric rays, radio-exposures,
and use of an X-ray machine and medical services there-
with. Plaintiff sued for $50,000. Defendant interposed
a demurrer to the petition, which was sustained, and, plain-
tiff electing to stand upon his petition, judgment was ren-
dered against him for costs, and he appeals.—*Affirmed.*

*O. P. Myers* and *W. G. Clements,* for appellant.

No appearance for appellee.

PRESTON, J.—It is alleged that plain-
tiff was born September 2, 1884, and be-
came of age in 1905. He was injured about
June, 1901; he was treated and burned by
defendant as hereinafter stated in July of
that year; some time in 1908, defendant
moved to Wisconsin, and became a nonresident of Iowa;
some time in the year 1912, the tissues where plaintiff had
been burned broke down, and became a malignant cancer-
ous growth, necessitating the amputation of his arm; and
it is alleged that this condition was first discovered in 1912.

This action was brought September 20, 1915.

Complaint is made by appellant that the court erred in sustaining defendant's motion to strike parts of the petition wherein it is alleged that defendant used the X-ray machine without the knowledge of plaintiff's parents. The parents are not suing in this action, and, in the view we take of the case, the ruling on the motion to strike is not material, because the stricken testimony would not have made a case on demurrer or prevented the running of the statute of limitations had the motion not been sustained. The real question in the case, as conceded by appellant, is whether his claim is barred by the statute of limitations. We have not been favored with an argument for appellee. We prefer argument, because, in its absence, the court is compelled to make an independent investigation.

It is alleged in the petition, substantially, that, in 1901, when plaintiff was under seventeen years of age, he accidentally broke his right wrist; that it had been set by other doctors, but, about June, 1901, defendant used his X-ray machine in one application upon plaintiff's wrist, to determine whether the bones were properly set, and found that they were; that, at this time, and for some years prior thereto, defendant had been a regular practicing physician and surgeon; that thereafter, and during the month of July, 1901, upon the request of defendant, and for the benefit of defendant, plaintiff went into defendant's office, without the knowledge or consent of plaintiff's parents, and defendant experimented upon plaintiff with defendant's X-ray machine, to secure pictures of plaintiff's hand and wrist; that he continued for ten days in said experiments, and used the X-ray machine on plaintiff's hand and wrist many times, and made long and close exposures; that, as a result thereof, the skin on his hand and wrist became discolored; that defendant then informed plaintiff and his parents that the use of the X-ray machine caused such

discoloration, and defendant then falsely and fraudulently informed plaintiff and his parents that this discoloration was of no particular consequence, and would be temporary in its effects, and defendant fraudulently concealed from plaintiff and his parents the true effect of radio exposure produced by the X-ray machine; that defendant then treated said discoloration for a time, and it apparently disappeared, leaving a scar, but the usual use of the hand; that plaintiff and his parents fully relied upon the statement and advice of defendant as to the temporary effect of said X-rays, and nothing further was done in regard thereto until 1912; that the use of said machine by defendant produced a cancerous condition, which was latent and dormant until 1912, and plaintiff had no knowledge of said condition until then; that at said time, the tissues of the right hand where the X-rays had been applied broke down, and became an epithelioma, or malignant cancerous growth, causing plaintiff great pain, suffering and mental anguish, greatly injuring his general health, and necessitating the amputation of his right forearm, in order to save his life; that, at great expense, during and since 1912, he has advised with the most skillful physicians and surgeons and experts, and made every effort to overcome the effects of said X-ray upon him as used by defendant, but that the outcome is not fully determined; that the loss of his right arm has greatly incapacitated him from earning his livelihood; that plaintiff was guilty of no contributory negligence; that in using said machine defendant was negligent, and thereby caused said injury; that defendant well knew that, by such use, he had produced effects and conditions that would finally develop into a malignant cancerous growth, which fact he knowingly and fraudulently concealed from plaintiff; that said action and representations of defendant were a fraud upon plaintiff, which fraud was

not known to plaintiff until 1912; that said fraud consisted in inducing plaintiff, then a minor, to submit his right hand to the X-ray and X-ray machine, plaintiff being wholly ignorant of the effects and use thereof, and further, in representing to plaintiff and his parents that the discoloration produced by such use was only temporary, and further, in knowingly and fraudulently concealing from plaintiff and his parents the real nature and effect of the negligent use of said machine, all of which fraud was not known to plaintiff until the year 1912.

The demurrer was in this form:

"That the petition shows upon its face that the plaintiff's alleged cause of action is barred by the statute of limitations, in that: (a) The said cause of action did not accrue within three years prior to one year after the plaintiff attained his majority, and no sufficient facts are stated to postpone the running of the statute of limitations. (b) That the gist of plaintiff's action is negligence, and his cause of action, if any, accrued at the time the injury was done, whether the extent was then known or not. (c) That, under the law, the right to maintain an action for negligence is distinguished from the measure of damages resulting from such negligence; and, although the entire damages resulting from the alleged negligence of the defendant was not known to the plaintiff until his time of recovery was barred, yet the time in which the action may be brought was not prolonged thereby. (d) That said statute does not run from the time of the consequent injury to the plaintiff. (e) That plaintiff's cause of action is not founded on fraud, and the allegations of the petition do not defeat the bar of the statute."

Appellant has not argued the question as to whether, if a cause of action accrued at the original injury, suit could have been brought by plaintiff by his guardian or next friend, or whether he would have time after attaining

his majority to bring suit, nor is the question of the effect of defendant's removal from the state in 1908 argued, doubtless on the theory that, if a cause of action accrued to plaintiff in 1901, it would be barred in any event. As bearing on the first proposition, see *Murphy v. Chicago, M. & St. P. R. Co.,* 80 Iowa 26; *Roelefsen v. City of Pella,* 121 Iowa 153.

Appellant says in argument that there is only one main controlling question to present to this court in this cause; that the demurrer raises only one question, and that is the question of the statute of limitations; and he insists that, on account of actual fraudulent concealment by defendant, this cause or right of action did not accrue until the year 1915, the time of bringing this action, and hence the action is not barred; that the main legal proposition is that, where a party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute of limitations would commence to run only from the time the right of action was discovered, or might, by the use of diligence, have been discovered. The only authorities cited are in support of this proposition. Appellant cites *District Township of Boomer v. French,* 40 Iowa 601; *Wilder v. Secor,* 72 Iowa 161; *Carrier v. Chicago, R. I. & P. R. Co.,* 79 Iowa 80; *Cook v. Chicago, R. I. & P. R. Co.,* 81 Iowa 551, 564; *Bradford v McCormick,* 71 Iowa 129; *Findley v. Stewart,* 46 Iowa 655, 657; *Cress v. Ivens,* 155 Iowa 17, 20; *Aultman v. Adams,* 35 Mo. App. 503; *Mullen v. Callanan,* 167 Iowa 367, 379.

The gist of plaintiff's cause of action is based upon the alleged negligence of defendant in 1901, and the claim that defendant fraudulently concealed some of the effects of the injury caused by the X-ray machine. It is alleged that defendant knew and fraudulently concealed from plaintiff that the burning in 1901 would result in cancer. Neces-

sarily, the statement by defendant that the injury in the
first place was only temporary would be his opinion, unless
cancer results in all cases from such burning, and the
pleading of such fact would, to a certain extent, be plead-
ing a conclusion.   It is not specifically alleged that burn-
ings of this character result in cancers in all cases, though
one part comes very close to it.

It is not claimed by appellant, as we understand it,
that his cause of action is based on fraud, under Section
3448 of the Code.   Under that section, it is provided that
the cause of action shall not be deemed to have accrued
until the fraud shall have been discovered by the aggrieved
party; and Code Section 3447, Paragraph 6, limits to five
years the period within which an action may be brought
in such cases.

It has been held that the fraud contemplated in Sec-
tion 3448 is only such as was heretofore solely cognizable
in chancery, and that, where the fraud is not of that char-
acter, but the plaintiff's remedy is concurrent, the excep-
tion there made does not apply.   *Gebhard v. Sattler,* 40
Iowa 152; *Brown v. Brown,* 44 Iowa 349; *Phoenix Ins. Co.
v. Dankwardt,* 47 Iowa 432; *Relf v. Eberly,* 23 Iowa 467;
*McGinnis v. Hunt,* 47 Iowa 668; *Carrier v. Chicago, R. I.
& P. R. Co.,* 79 Iowa 80; *Daugherty v. Daugherty,* 116 Iowa
245; *West v. Fry,* 134 Iowa 675; *Baird v. Omaha & C. B. R.
& B. Co.,* 111 Iowa 627.   The last two cases distinguish
between fraud and mistake.   In *Lougee v. Reed,* 133 Iowa
48, it was held that Section 3448 has no application to an
action against a clerk of court for omitting to index a judg-
ment, because such is governed by Section 3447, providing
that actions against officers for neglect of official duty must
be brought within three years.   As bearing upon this, see
*Ott v. Hood,* (Wis.) 44 L. R. A. (N. S.) 524; *Cornell v.
Edsen,* (Wash.) 51 L. R. A. (N. S.) 279.

Appellant's contention, as we understand it, is that his alleged cause of action itself was concealed by the alleged fraud of the defendant in stating that the original injury was but temporary. Without taking the time to review plaintiff's citations, the import of them is that the cause of action was itself concealed, as in *Mullen v. Callanan,* supra, where, at page 379, it was said:

"But, conceding that it might have been brought either at law or in equity, or that a court of law alone had jurisdiction, still the action is not barred, because the cause thereof was deliberately concealed from plaintiff."

So in the *Cress* case, where there was no knowledge by plaintiff that there were to be commissions in a land trade, and defendants falsely told plaintiffs that there were to be no commissions. We said, in *Cole v. Charles City Nat. Bank,* 114 Iowa 632, at 635, referring to *Cook v. Chicago, R. I. & P. R. Co.,* 81 Iowa 551, one of plaintiff's citations:

"It is there stated that the statute does not begin to run, where a cause of action is fraudulently concealed, until the facts are discovered by plaintiff."

In *McKay v. McCarthy,* 146 Iowa 546, 551, we said of that case:

"It is not alleged that the cause of action was concealed by defendant, and for this reason  *  *  *  *  *District Township of Boomer v. French,* 40 Iowa 601, and *Carrier v. Railway,* 79 Iowa 80, are not in point."

The last two citations are among those cited by appellant in this case. In the instant case, was the plaintiff's cause of action concealed by the statement of the defendant that the original burning was but temporary and was of no particular consequence, and by the fraudulent concealment of the true effect produced by the use of the X-ray machine? Plaintiff alleges that he was burned in 1901, and, as he alleges, by the negligence of the defendant. This fact was known to plaintiff and his parents. All damages

which subsequently developed are traceable to and based upon that act. By the original act, plaintiff was injured, and, as the petition alleges, by the negligence of the defendant. He would have been entitled to some damages at that time; and, if it be true that cancer necessarily and in all cases is the result of such burning, or if cancer is the probable result, such fact could be shown as bearing upon the question of damages in an action for the original injury. If cancer is not the necessary or probable result of such a burning, then, as before stated, defendant's statement would be more or less of an opinion, and in that case, the fact that later, and in 1912, a cancerous condition did develop, and plaintiff's damages might thereby be increased, would not constitute a new cause of action. It would seem, then, that plaintiff's cause of action accrued at the time of the original injury. In *Gustin v. County of Jefferson,* 15 Iowa 158, it was held that the statute of limitations as to actions for damages resulting from injuries to the person commences to run from the time the injury is done, and not from the time the party injured becomes fully advised of the extent thereof. See also *Steel v. Bryant,* 49 Iowa 116; *Garrett v. Bicklin,* 78 Iowa 115, 122. In the *Steel* case, it was said:

"The time when the action accrued on the bond is the time when it accrues for the negligent act. It is true that the negligent act had been committed before that time, but there was no immediate injury or damage, nor does the law imply there was any. The injury and damage were consequential, depending on the happening of certain things in the future."

In *Miller v. Lesser,* 71 Iowa 147, it was held that an action upon an unwritten contract against one who had removed to Iowa and had lived here for five years after the cause of action had accrued was barred by the statute of limitations,—notwithstanding the fact that the defendant

had lived here under an assumed name, and plaintiff was not able, by the exercise of diligence, to discover his place of residence,—on the ground that the case was not brought within any of the exceptions to the statute of limitations. See, also, *St. Paul Title & Trust Co. v. Stensgaard,* (Cal.) 39 L. R. A. (N. S.) 741, and note. In the note to *Aachen & M. F. Ins. Co. v. Morton,* (C. C. A.) 15 L. R. A. (N. S.) 156, at page 161, are a number of cases bearing upon the question as to when the statute of limitations begins to run in cases involving breaches of professional duty or malpractice by physicians and surgeons. One of these is *Fronce v. Nichols,* 22 Ohio C. C. 539, where the damage complained of was occasioned by the malpractice of a physician, and it was held that it is the breach of duty that gives rise to the action and causes it to accrue, and not knowledge of the fact evidenced by resulting injury. Also *Miller v. Ryerson,* 22 Ont. Rep. 369, where it was held that, under a statute providing that physicians should not be liable to any action for malpractice unless commenced within one year from the date of the termination of the professional services, an action against the physician for the alleged malpractice was barred within one year from the time the services were rendered, and that the statute of limitations began to run from that time, and not from the time the effects of the treatment developed. Also *Fadden v. Satterlee,* 43 Fed. 568, holding that the statute as to actions for personal injuries begins to run at the time injury is received, although its results may not be then fully developed. In *Wilcox v. Executors of Plummer,* 4 Pet. 172 (7 L. Ed. 821), cited in *Fortune v. English,* (Ill.) 12 L. R. A. (N. S.), at 1005, an action against an attorney for negligence, it was said:

"When the attorney was chargeable with negligence or unskilfulness, his contract was violated, and the action

might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved, and no more recovered; but, on the other hand, it is perfectly clear that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the damage is not the cause of action."

And in *Gould v. Palmer*, 96 Ga. 798 (22 S. E. 583), it was held that it was not a special damage or injury resulting from the unskilfulness of an attorney, but the breach of duty imposed by the contract of employment which gives a right of action for damages sustained; and the statute of limitations in such a case, therefore, runs from the date of the breach of the duty, and not from the time when the extent of the resulting injury is ascertained. A number of other cases to the same effect are cited in the same note. In 25 Cyc. 1135 (18), we find this doctrine:

"The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from and consequent upon the act, the cause of action accrues, and the statute begins to run when and only when the damages are sustained. * * * But if the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage however slight, and the statute will operate to bar a recovery not only for the present damages, but for damages developing subsequently, and not ascertainable at the time of the wrong done; for in such a case the subsequent increase in the damages result-

ing gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered. Where the doing of an act is attended immediately by resulting actual damage, the statute begins to run at once."

It is our conclusion that the plaintiff's alleged cause of action was barred by the statute of limitations, and that the court was right in sustaining defendant's demurrer to the petition. The judgment is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.