ELLA VERTMAN, Appellant, v. WARD A. DRAYTON, Appellee.

No. 43742.

APRIL 6, 1937.

U. A. Screechfield and Nathan Grant, for appellant.

Glenn D. Kelly and J. A. Hanley, for appellee.

STIGER, J.—In March, 1935, the plaintiff filed her petition at law for damages against the defendant for conversion of the sum of $10,000, which petition reads as follows:

"During the year 1929, the plaintiff was residing in the city of Chicago, Illinois, and on or about the 15th day of June, A. D. 1929, defendant visited her there and orally represented to her that he, with one or two others, were about to organize a certain corporation to be named Royal Recreation Company, Inc., for the purpose of controlling and operating a certain bowling alley and recreation parlor in the City of Davenport, Iowa, and further, orally represented to her that if she would invest Ten Thousand Dollars in said enterprise, that he would have her subscribe for and that she would receive a certificate of stock in said corporation, when it should be organized, for said amount, and that plaintiff would be made Secretary and Treasurer of said corporation.

"Plaintiff further states that on or about the 4th day of September, 1929, relying upon the representations of defendant, she paid the sum of Ten Thousand Dollars to defendant, or his duly appointed agent, Lillian Drayton, for the purpose aforesaid, which amount was paid in the form of a cashier's check, by the Union Savings Bank of Davenport, Iowa, for which sum plaintiff agreed to subscribe for capital stock in said corporation, which was equivalent to one-hundred shares at One Hundred Dollars per share, the sum being 4/11 of the total capital stock issued therein.

"That said defendant accepted said Ten Thousand Dollars from plaintiff so paid to him for the purpose herein and soon thereafter completed the organization of said corporation, but plaintiff never received her certificate of stock therefor so purchased and paid for by her, although she has often orally requested and demanded of said defendant and of said corporation that said certificate of stock be issued to her, nor has she ever been presented with any subscription blank by defendant to be signed by her for the purpose of making application for said stock certificate.

"That plaintiff was never given any explanation by defend-

ant as to why said certificate of stock was never issued to her and she first learned, on or about the 15th day of January, 1935, that defendant had signed the name of C. B. Vertman to the subscription of stock for the sum of One Hundred shares, or the sum of Ten Thousand Dollars, in place of and instead of having this plaintiff sign said stock subscription for said amount, and that defendant caused to be issued to C. B. Vertman a certificate of stock in said corporation for the sum of Ten Thousand Dollars, which was paid for by defendant with the said sum of Ten Thousand Dollars so advanced by this plaintiff to defendant as aforesaid. That defendant concealed from plaintiff the fact that he had used plaintiff's aforesaid money to pay for said stock and plaintiff discovered said fact on or about aforesaid date. That plaintiff immediately thereupon made oral demand upon said defendant to return to her said sum of money.

"Plaintiff states that defendant wrongfully converted plaintiff's said money for the uses aforesaid without her knowledge or consent and by reason thereof, she has been and still is deprived by defendant of the use, benefit and value of said money to her damage in the sum of Ten Thousand Dollars and lawful interest.

"Wherefore, plaintiff prays judgment against defendant for the full sum of Ten Thousand Dollars, together with six per cent interest on said amount from the 4th day of September, 1929 and for costs of this action."

The defendant filed the following demurrer to the petition:

"That the petition sets forth a cause of action based upon the alleged conversion of certain moneys by the defendant and that the said petition is based wholly on the alleged wrongful conduct of the said defendant in so converting the said money to his own use and that the said petition on its face shows that the said action is barred by the Statute of Limitations, section 11007, subd. 3, of the Code of Iowa, 1935.

"That the above cause of action was commenced on or about March 7, 1935, and was not commenced within two years from and after date of the alleged conversion and wrongful acts of the said defendant in completing the said conversion as alleged in the plaintiff's petition, and that the said action is therefore barred as set forth in the previous paragraph."

The trial court sustained the demurrer. The plaintiff—

appellant—elected to stand on her petition, and refused to plead over.

The well pleaded facts of the petition are, by the demurrer, conceded by the defendant. The pleadings disclose that the plaintiff was a resident of the state of Illinois; that she paid to defendant the sum of $10,000 for investment in the stock of the corporation to be organized of which plaintiff was to be the secretary and treasurer; that she authorized the defendant to represent her in this common undertaking and to secure for her from the corporation, when organized, a certificate of stock for the amount subscribed; that plaintiff reposed confidence and trust in the defendant and when she turned the money over to him it was received by him in a fiduciary capacity; that the defendant made false representations to the plaintiff on which she relied; that defendant did not disclose that he had violated the confidence reposed in him and converted her money, but concealed from the plaintiff the existence of a cause of action against him; that plaintiff lived at quite a distance from the place where the corporation to be formed was to carry on its business and the facts were all within the possession and knowledge of the defendant.

■■■ A person is said to receive money in a fiduciary capacity, when the money is not his own or for his benefit, but is for the benefit of another person to whom he stands in a relation implying great confidence and trust on the one part and a high degree of good faith on the other. 25 C. J. 1119; Templeton v. Bockler, 73 Or. 494, 144 P. 405; Britton v. Ferrin, 171 N. Y. 235, 63 N. E. 954.

Because of the fiduciary relationship existing between the parties, it was the duty of the defendant to act in the highest good faith and for the best interest of the appellant. Defendant was under a legal duty to fully and fairly disclose all the facts within his knowledge relative to the subject matter of the relationship and give to the appellant all information that would have tended to influence her conduct. The violation of this duty was a fraud on the plaintiff. The appellant was entitled to assume that the defendant would be loyal and faithful to her interests until she was advised that he was not worthy of her confidence and she was not bound to presume that he would defraud her. Githens v. Johnson, 195 Iowa 646, 192 N. W. 270; Haswell v. Standring, 152 Iowa 291, 132 N. W. 417, Ann. Cas. 1913B,

1326; Faust v. Hosford, 119 Iowa 97, 93 N. W. 58; Wilder v. Secor, 72 Iowa 161, 33 N. W. 448, 2 Am. St. Rep. 236.

The leading case on the issue presented to us is the District Township of Boomer v. French, 40 Iowa 601. In that case the court states:

"We find the rule to have been very well settled, under the English statute of limitations, that where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered. * * * The same doctrine has been recognized and established in this country." See, also, Mullen v. Callanan, 167 Iowa 367, 149 N. W. 516; Cress v. Ivens, 155 Iowa 17, 134 N. W. 869; Wilder v. Secor, 72 Iowa 161, 33 N. W. 448, 20 Am. St. Rep. 236; Bradford v. McCormick, 71 Iowa 129, 32 N. W. 93.

 Before it could be determined whether the plaintiff's action was barred by the statute of limitations, it was necessary that several fact questions be determined among which are concealment by the defendant of a cause of action against him in favor of the appellant; and of facts he was bound to disclose; when plaintiff discovered the fraud, and whether there was failure on her part to use due diligence in discovering the wrong. The determination of the facts was for the jury. 37 C. J. 1255; Faust v. Hosford, 119 Iowa 97, 93 N. W. 58; Reinertson v. Consolidated Chemical Products Co., 205 Iowa 417, 216 N. W. 68.

The demurrer should have been overruled.—Reversed.

PARSONS, KINTZINGER, ANDERSON, and SAGER, JJ., concur.

MITCHELL, J., dissents.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority, and therefore respectfully dissent.

The majority opinion is based upon the theory that there was a fiduciary relationship between the defendant and plaintiff. There is no basis at all in the pleaded facts for the conclusion that this relationship existed at the time he made the false representations to her and procured the money. The fact is, he was an

entire stranger to her. Apparently he was not in any way, shape or form related to her as an agent or in any representative capacity. He came to her as a promoter and talked her into investing her money in the project that he was promoting, and all the representations he made at that time could not have been made as her agent. The conclusion reached is a very laudable one, but it is fundamentally unsound. The plain language of the petition is based on fraudulent representations of this promoter, and not on the fiduciary relationship or that he was her agent.

Under this state of facts I believe the trial court was right, and I would affirm the judgment of the lower court.